MARY L. O'FLYNN, Appellant, *v.* GEORGE A. POWERS et al., Respondents.

Where real estate, devised or descended, is sought to be charged with the debts of the decedent, the validity and existence of the debts are open to contest, in the proceeding, by the heirs or devisees, and the decree of the surrogate, on the accounting of the executor or administrator, does not conclude them. (Code Civ. Pro. §§ 2755, 2756.)

Under the provisions of the statutes, prohibiting an executor or administrator from retaining any of the property of the decedent, in satisfaction of his own debt, until it is proved before the surrogate (2 R. S. 88, § 33), and providing that such proof may be made upon his final accounting, and that the Statute of Limitations shall not be available as a defense to such debt, if presented at the first accounting, provided the claim was not barred by the statute at the time of the decedent's death (§ 37, chap. 460, Laws of 1837, as amended by chap. 594, Laws of 1868; Code Civ.

Pro. §§ 2739, 2740), the running of the statute is suspended from the time of the death until the first accounting.

The rights of creditors of decedents, who died and upon whose estates letters had been granted more than three years prior to September 1, 1880, when the provision of the Code of Civil Procedure (§ 2750) went into effect, which provides that "at any time within three years" after the granting of letters, an executor, administrator or creditor of the decedent may institute proceedings for the sale of his real estate for the payment of debts, were not cut off by that provision; but, as they existed at that time, were saved by the provision (§ 3352) which enacts that nothing contained in any provision of that portion of the Code (save as excepted) renders ineffectual or impairs any right accrued or established before the provision takes effect, and that, for the purpose of enforcing such a right, the statutes in force on the day before the provision takes effect are deemed to remain in force.

When power is conferred by will upon an executor to sell real estate for the payment of debts, he may lawfully exercise it for the payment of an honest debt, in no way invalid or outlawed, owing to himself.

The will of M., who died in 1873, devised her residuary estate to P., her executor, in separate trusts for her three children during life, and authorized him, "at any time before the final division and settlement" of the estate, for any purpose "which, in his discretion, may render it advisable so to do," to sell any part or portion of the testator's real estate. No accounting or judicial settlement of the accounts of the executor was had prior to September 29, 1887, when P. instituted proceedings before the surrogate for such judicial settlement, which was had, and a decree entered April 24, 1890. In the accounting, P. presented certain claims against the estate, which were allowed, and to the payment of which the surrogate applied the final balance found against P.; this left a balance still due him, and he had no assets in his hands as executor to pay it. At this time one of the testator's children was still living. P. thereafter, as executor, sold at public auction a parcel of the real estate devised by the will for the purpose of realizing money to pay the balance so found due him. The purchaser declined to accept a conveyance on the ground that it would not convey a good title. *Held*, untenable; that the portion of P.'s claim unpaid at the time of the decree was not barred by the Statute of Limitations; nor was his right as a creditor to procure the application of the real estate for the payment of his debt, barred; and that the power of sale given him by the will could be lawfully exercised for the payment thereof.

(Argued December 5, 1892; decided January 17, 1893.)

Appeal from judgment of the General Term of the City Court of Brooklyn, entered upon an order made June 30,

1892, which directed a judgment in favor of defendants on submission, under the Code of Civil Procedure (§ 1279), of a controversy.

The defendant George A. Powers is executor and trustee under the will of Sarah Macomber, who died April 3, 1873. The will was proved in New York county April 10, 1873, and letters testamentary thereon were issued to the executor on the same day. The testatrix left three children, Robert D., Edward D., and Mary L. The daughter Mary was the wife of George A. Powers, and died April 4, 1874, leaving six children, the plaintiff being one of them. By her will the testatrix devised her residuary estate, consisting of real and personal property, equally in three separate trusts, to the defendant George A. Powers for the benefit of her three children respectively for life, remainder to their issue, and upon the death of either of the sons without issue, the share of the son so dying to go to the daughter Mary, if living, or in case of her death, to her issue.

The children of the daughter Mary L., upon her death, took one-third of the residuary estate in fee. Robert D., one of the sons of the testatrix, died January 1, 1887, without descendants. The son Edward D. is still living. Two undivided third parts of the estate have, as the result of the death of Mary L. and Robert D., vested absolutely in the children of Mary L., and one-third part remaining in trust for Robert D., the sole surviving son of the testatrix. The ninth clause of the will is as follows :

" *Ninth.* I hereby authorize and empower my said executor, *at any time before the final division and settlements of my estate,* whenever he shall think proper so to do, either for the purpose of paying off incumbrances upon my real estate or for the purpose of protecting the same, or of more equitably and conveniently dividing the same, or for any other purpose, which, in his discretion, may render it advisable so to do, to sell and convey, or to mortgage any part or parts, portion or portions, share or shares,   *   *   *   in such manner and for such sum or sums, and upon such terms as to him shall seem meet

and proper, and to execute, acknowledge, stamp and deliver good and sufficient instruments in the law for conveying or mortgaging the same."

There was a large real estate which passed under the will.

The executor George A. Powers never filed or rendered any account, or had any accounting or any judicial settlement of his accounts as executor until the 29th of September, 1887, when he voluntarily instituted before the surrogate of the city and county of New York a proceeding for such judicial settlement, and filed an account of all his proceedings as such executor, and on April 24, 1890, a decree was entered settling his accounts. In the accounting he presented a claim for certain alleged debts owing to him by the testatrix Sarah Macomber, and asked to prove them and have them allowed. They were contested by the plaintiff Mary L. O'Flynn, and were, upon proof adduced, allowed by the surrogate at the sum (including interest thereon) of $133,700.32, and to the payment of which the surrogate by his decree applied the final balance found against the said George A. Powers, as executor, on the accounting of $56,845.26, less commissions and expenses, leaving the unpaid balance of said debts so allowed, $79,632.56, and it is admitted that he has no assets in his hands as executor to pay such balance.

After the rendering of the decree on the acounting, and on March 16, 1892, the defendant George A. Powers, professing to act as executor, offered for sale at public auction a plot of the real property devised by the will, after due public notice, and the same was bid off by Seaman L. Pettit, one of the defendants herein, for the sum of $77,100, he being the highest bidder, and the executor had offered to execute and deliver as such executor a deed of the premises, which the purchaser refused to accept on the ground that it would not convey a good title. The executor made the sale mentioned for the sole purpose of realizing money to pay to himself the balance of the debt against Sarah Macomber, as ascertained and allowed by the surrogate. The parties hereto, on an agreed case, submitted to the General Term of the City Court

of Brooklyn the question whether the said executor George
A. Powers has the power under the will of Sarah Macomber
to make the sale and conveyance mentioned, and convey a
good title in fee thereby. The court below determined that
such power existed, and that a conveyance by the executor
pursuant to the sale would convey a good title.

*William J. Gaynor* for appellant. The power of sale in
this will is not the general power or direction to sell real
estate to pay debts which is commonly attached to the office
of executor by wills, and passes to an administrator with
the will annexed, but is on the contrary (*McComb Case*,
117 N. Y. 378) a power coupled with and to facilitate the
management of the trusts created by the will, and incident
to which it might be necessary to sell real estate to pay
debts, the personalty being exhausted, in order to preserve
the trust estate from the expense of suits or proceedings of
creditors to realize their debts out of the realty. (*Clift* v.
*Moses*, 116 N. Y. 156; *Delaney* v. *McCormack*, 88 id.
181; Perry on Trusts, § 248; *Tilden* v. *Green*, 130 N.
Y. 29; *Greenland* v. *Waddell*, 116 id. 240; *Mott* v. *Acker-
man*, 92 id. 553; *Ward* v. *Ward*, 105 id. 68; *Kinnier* v.
*Rogers*, 42 id. 531; *In re Tilden*, 98 id. 442; *Hickey* v.
*Taaffe*, 99 id. 204; *Wakefield* v. *Fargo*, 90 id. 218; *Mc-
Gaffin* v. *Cohoes*, 74 id. 387; *Rose* v. *Hatch*, 125 id. 431;
*Woodward* v. *James*, 115 id. 357; *In re Bingham*, 127 id.
314; Code Civ. Pro. § 2750; *In re Haxtun*, 102 N. Y.
159.) The claims of this executor are not in any way
enforcible against the realty, and he is not compelled to
exercise his trust discretion officially and sell real estate in
order to protect the trust estate from his hostile attitude
individually. (*Snyder* v. *Snyder*, 96 N. Y. 88; Code
Civ. Pro. §§ 382, 388, 1844, 2749, 2750, 2759; *In re
City of Rochester*, 110 N. Y. 159; *Brill* v. *Wright*, 112
id. 135; *Clift* v. *Moses*, 116 id. 144; *Smith* v. *Soper*, 32
Hun, 46; *In re Bingham*, 127 N. Y. 314; *Loder* v. *Hat-
field*, 71 id. 92; *Peters* v. *Delaplaine*, 49 id. 362; *Butler*

v. *Johnson*, 111 id. 213; *Selover* v. *Coe*, 63 id. 438.)  But it is contended that this executor and trustee's claims are still enforcible against the realty, by reason of a suspension in all respects of the Statute of Limitations in respect of any and all proceedings or actions which as a creditor he could have taken at any time since the decease of the testatrix to realize his claims; this is untenable.  (Laws of 1868, chap. 594; *Selover* v. *Coe*, 63 N. Y. 438; *Kingsland* v. *Murray*, 133 id. 174; *Platt* v. *Platt*, 105 id. 496; *Sharp* v. *Freeman*, 45 id. 806; *Dodge* v. *Stevens*, 94 id. 216; Code Civ. Pro. §§ 382, 1844, 2755.)  Outside of any statutes of limitations, the time within which the executor and trustee might sell realty to pay debts, especially his own, was a reasonable time; and a reasonable time will not at all events be extended beyond the statutory time in which an accounting should have been had.  (*Estate of Weston*, 91 N. Y. 511; *In re Van Dyke*, 44 Hun, 394; *In re Clayton*, 17 Civ. Pro. Rep. 68; Code Civ. Pro. §§ 2724, 2729, 382, 414, 2740, 2755.)  Though the agreed facts are that this executor and trustee was not selling the real estate for any purpose except to pay his own debts, and the controversy that arose, and the submission of which was agreed upon, was solely on that score, it was contended below that the case must be disposed of on the sole question of whether this executor and trustee may sell real estate for any reason; this is untenable.  (*Cusack* v. *Tweedy*, 126 N. Y. 81; *Kinnier* v. *Rogers*, 42 id. 531; *In re Haxtun*, 102 id. 159; *In re Ryder*, 129 id. 642; Code Civ. Pro. §§ 414, 3355, 3356.)

*Edward E. Sprague* for respondents.  The question at issue is not affected by the fact that the executor is selling for the purpose of paying a debt due to himself.  (*Snyder* v. *Snyder*, 96 N. Y. 88; *Gardner* v. *Ogden*, 22 id. 327; *Ten Eyck* v. *Craig*, 62 id. 406; *Lytle* v. *Beveridge*, 58 id. 592; *Dodge* v. *Stevens*, 94 id. 209; *Scholle* v. *Scholle*, 101 id. 167.)  The will gives the executor power of sale for the purpose of paying debts.  (*In re Gautent*, 43 N. Y. S. R. 802;

*Erwin* v. *Soper*, 43 N. Y. 521; *Glacius* v. *Fogel*, 88 id. 434; *Bloodgood* v. *Bruen*, 2 Bradf. 8; *Stagg* v. *Jackson*, 1 N. Y. 206.) The executor may properly sell real estate in lieu of proceedings for sale in the Surrogate's Court. (*Clift* v. *Moses*, 116 N. Y. 144; *In re Powers*, 124 id. 361; Code Civ. Pro. §§ 2739, 2740, 2750, 3352.) The executor may properly sell real estate for the purpose of protecting the other real estate from sale under execution in an action against devisees. (*Hauselt* v. *Patterson*, 124 N. Y. 349; *Colgan* v. *Dunne*, 50 Hun, 443; *Butler* v. *Johnson*, 111 N. Y. 204.)

ANDREWS, Ch. J. It is to be accepted as a primary and undoubted fact that the testatrix, Sarah Macomber, was at her death indebted to the defendant, George A. Powers, and that of this debt there remained due and unpaid by her estate to him at the date of the surrogate's decree, April 24, 1890, after applying thereon all the personal estate of the testatrix in his hands, the sum of $79,632.56. The only question affecting the validity of the debt, left open by the facts agreed upon, is whether the remainder of the debt remaining unpaid at that date was barred by the Statute of Limitations.

There is no impeachment of the facts found by the surrogate as to the amount of the original debt, the balance unpaid thereon, nor any suggestion affecting the consideration, or which casts any suspicion upon the *bona fides* of the claim. The plaintiff therefore has not questioned and is not in a situation to question the validity of the debt of the defendant against the estate of Sarah Macomber, except upon the point of the Statute of Limitations.

The decree of the surrogate necessarily determined that the statute had not run against the demand. But his decision did not bind the heirs or devisees of the testatrix, who were not, as such, parties to the accounting. That proceeding was between the executor and the creditors, next of kin and legatees of the testatrix, and was conclusive as to the existence and validity of the debt, as a claim against the estate, payable out

of the personalty. But where real estate devised or descended is sought to be charged with the debts of the decedent, the validity and existence of the debts are open to contest by the heirs or devisees in the proceeding, and the decree of the surrogate on the accounting does not conclude them, and except in case of a judgment recovered against the executor or administrator on the merits, is not even *prima facie* evidence of the existence of the debts. (2 Rev. St. 102, § 10; Laws of 1842, Ch. 172; Code Civ. Pro. §§ 2755, 2756.)

Upon the only point now in controversy affecting the validity of the debt claimed by the defendant, George A. Powers, against the estate of Sarah Macomber, viz.: Whether it was barred by the Statute of Limitations when the sale of March 16, 1892, was made, it is clear, we think, that the bar of the statute had not then intervened. By section 33 of title 3, ch.6, pt. 2 of the Revised Statutes, an executor or administrator was not allowed to retain any part of the property of the decedent for his debt until it was proved before the surrogate, and by the Laws of 1837, Ch. 460, § 37, it was enacted that such proof could be made on the return of a citation for that purpose, or on the final accounting of the executor or administrator, and this section was amended by chapter 594 of the Laws of 1868, by adding this provision: " But the Statute of Limitations shall not be available as a defense to such debt or claim, provided the same shall be presented at the first accounting, and provided the same was not barred by statute at the time of the death of the testator or intestate." The operation of this statute was to suspend the running of the Statute of Limitations against the debt or claim in favor of the executor or administrator until the first accounting, and a similar provision is contained in the Code of Civil Procedure. (§ 2740.)

The first accounting by the defendant, George A. Powers, was commenced September 29, 1887, and terminated in a decree April 24, 1890, and he advertised the land under the power of sale, and it was sold March 16, 1892. The Statute of Limitations was, by the force of the statute, suspended as to his debt until the accounting of 1887, and it is not claimed

that by adding the period which elapsed between the accounting and the sale, to the period (if any) during which the statute had run prior to the death of the testatrix, the six years statute would have barred the debt. There was, therefore, at the time the executor undertook to exercise the power of sale given by the will a valid debt against the estate of the testatrix in his favor not barred by the Statute of Limitations and to which there was no defense.

The fundamental proposition upon which the plaintiff's counsel relies to establish that the executor George A. Powers could not lawfully sell any part of the real estate of the testatrix, for the purpose of realizing a fund for the satisfaction of his own debt, is that by the lapse of time the right of any creditor to proceed by application to the surrogate or otherwise, to procure a sale of the real estate of the decedent for the payment of debts, was barred, and that as a consequence the discretionary power of sale given to the executor by the will could not be lawfully exercised for the payment of debts which could not be enforced against the realty devised, since it is, as claimed, a necessary limitation upon the power that it could not be exercised except to relieve the land of debts, legally chargeable thereon. It is also insisted that there is an added disability upon the executor in this case, by reason of the fact that he is seeking to exercise the power for his own benefit. It is not claimed that the power of sale given by the will in question does not extend to a sale for the payment of debts. We understand that it is conceded that it comprehends this purpose, and so it seems to have been decided in *Matter of Powers* (124 N. Y. 361).

We are of opinion that the remedy of the executor to apply in his capacity as creditor to the surrogate for a compulsory sale of the real estate of the decedent for the payment of his debt was not barred by the three years limitation contained in section 2750 of the Code of Civil Procedure, or otherwise. It is provided by that section that "at any time within three years after letters were first duly granted within this state upon the estate of a decedent," an executor or administrator, or a

creditor of the decedent, may petition the surrogate for a decree, directing the disposition of the decedent's real property for the payment of debts. This section took effect Sept. 1, 1880. The letters in this case were issued April 10, 1873. If this section applies to this case, then no proceeding in the Surrogate's Court could have been taken by the executor, or by a creditor, after September 1, 1880, because the letters were issued seven years before that date.

The same result would follow in every case of administration where letters had been issued more than three years before the section took effect. If in such cases there was a remedy in favor of creditors, to compel a sale of the real estate of a decedent for the payment of their debts prior and up to September 1, 1880, not barred on that day, it is impossible to attribute to the legislature an intention to cut off such remedy by the enactment of section 2750 of the Code. By the law in force antecedent to the enactment of this section, an executor or administrator could apply for an order to sell real estate at any time within three years after the granting of letters, but there was no statutory limitation upon the time within which creditors could make such application, except that it could not be made by creditors until after an accounting by the executor or administrator (Laws of 1837, Ch. 460, § 72, as amended by Laws of 1843, Ch. 172).

Since in this case there was no accounting until 1887, a creditor of Sarah Macomber could not before that date, under the law as it existed prior to September 1, 1880, have made application to the surrogate for an order of sale. If, as claimed, section 2750 applies, his right was gone as soon as that section took effect.

We think the right of creditors of decedents who died prior to September 1, 1880, and upon which estates letters had been granted more than three years prior to that date, as those rights existed when section 2750 took effect, were saved by section 3352 of the Code, which enacts: "Nothing contained in any provision of this act other than in chapter fourth renders ineffectual or otherwise impairs any proceeding

in an action or a special proceeding had or taken pursuant to law, or any other lawful act done, or right, defense or limitation lawfully accrued or established before the provision in question takes effect, unless the contrary is expressly declared in the provision in question. As far as it may be necessary for the purpose of avoiding such a result, or carrying into effect such a proceeding or other act, or enforcing or protecting such a right, defense or limitation, the statutes in force on the day before the provision takes effect are deemed to remain in force notwithstanding the repeal thereof." The right which a creditor of the testatrix, Sarah Macomber, had on the day prior to September 1, 1880, to apply for an order to sell real estate whenever an accounting should occur, was we think a right accrued within the meaning of this section and was not we think affected by section 2750.

The fundamental proposition of the plaintiff's counsel, therefore, that no creditor could proceed to enforce the sale of the real estate of the testatrix at the time the executor proceeded to sell under the power, fails. The executor had a valid debt, not barred by the general Statute of Limitations; there had been an accounting and the condition existed under which he as creditor could have applied to the surrogate for an order to sell real estate for its payment. It was a proper case therefore for the exercise of the power of sale given by the will, unless certain other objections which have been urged should bar its exercise.

The fact that the executor voluntarily rendered an account, and this after the time had elapsed when an accounting could be compelled by creditors or legatees, does not deprive him of the benefit of such accounting in determining the question whether there was an enforcible claim for the sale of real estate, which could have been prosecuted by a proceeding before the surrogate. No fraud on his part in instituting the accounting is alleged or proved, and an accounting was essential to enable him to obtain an order establishing his debt and to secure the application thereon of the personal property in his hands as executor. The appellant was a party to the accounting and

any defense thereto should have been made in that proceeding. As devisee she cannot deny the efficacy of the proceeding as a compliance with the condition precedent to the enforcement of the claim of a creditor against the property devised.

The point that the executor could not exercise the power of sale for the payment of his own debt is not well taken. His debt is established as a valid claim. It was probably the principal debt owing by the testatrix. We are not aware of any authority which excludes an executor, upon whom the will confers a power of sale for the payment of debts, from exercising it for the payment of an honest debt of his own. He cannot become the purchaser on such a sale, and his proceedings are open to the scrutiny of the court. If he should undertake to sell for an invalid or outlawed debt, the court, on the application of the heir or devisee, would interpose for his protection. (*Butler* v. *Johnson*, 111 N. Y. 204.) There is no claim that the sale of March 16, 1892, was in any respect unfair or that the price for which the property was sold was inadequate.

The question submitted related to the power of the executor to sell under the circumstances stated.

We think the power existed and the judgment below should therefore be affirmed.

All concur.

Judgment affirmed.