I cannot believe that the recent ruling on the burden of proof in probate cases was intended in any event to disturb the doctrine of Howland v. Taylor, 53 N. Y. 628, and Rollwagen v. Rollwagen, 63 N. Y. at page 517, that before a will is admitted to probate the surrogate must be satisfied that it is the will of the testator. I referred to this point in Re Van Ness' Will, 78 Misc. Rep. 592, 139 N. Y. Supp. page 521. But as this particular point is not now necessarily here, and the judgment need not rest on it, I will not discuss it at large.

For the other reasons already stated by me, probate of the paper propounded is refused. Settle decree accordingly.

(87 Misc. Rep. 170)

In re SPOONER'S WILL.

(Surrogate's Court, Bronx County. October, 1914.)

JURY (§ 19*)—POWER TO GRANT JURY TRIAL—PROBATE PROCEEDING—SURROGATE'S COURT.

Under Code Civ. Proc. § 2771, as amended by Laws 1914, c. 443, providing that any "pending action or special proceeding shall proceed under the practice established, the same as though not affected by this act," the surrogate has no power, in a probate proceeding pending prior to September 1, 1914, when such act took effect, to grant an application for a jury trial of controverted issues of fact.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 104–133; Dec. Dig. § 19.*]

Proceedings on probate of the will of Martha Spooner, deceased. Application for jury trial denied.

George B. Glass, for proponent.
William C. Spooner, for contestants.

SCHULZ, S. A careful consideration of this matter leads me to the conclusion that a trial by jury of the controverted questions of fact herein cannot be granted. The proceeding was brought prior to September 1st, and thus comes directly under the provisions of section 2771 of the Code, as amended and revised by chapter 443 of the Laws of 1914, which, so far as material, are as follows:

"Nothing in this chapter shall repeal * * * nor in any manner affect any litigation, action or special proceeding pending at the time when this act takes effect, and such pending action or special proceeding shall proceed under the practice established, the same as though not affected by this act."

Under the established practice at the time when this proceeding was brought, the surrogate had no power to try controverted questions of fact with a jury, and hence, so far as this proceeding is concerned, it would seem that he has no power to direct such a trial.

Counsel urges that inasmuch as section 2653a of the Code has been repealed by the law above referred to, which took effect September 1, 1914, he may have lost his right to a jury trial under that section in the Supreme Court because he had not brought his action prior to said date. In other words, that if the surrogate cannot give him a

jury trial in the Surrogate's Court because he brought his proceeding in the Surrogate's Court before September 1st, and the Supreme Court cannot give him a trial in that court because he did not begin his action in that court prior to September 1st, he would in fact be deprived of a trial of the issues before a jury. I cannot, of course, on this application, pass upon the applicant's right to a trial under section 2653a in the Supreme Court. That is a matter which must be decided by the Supreme Court itself, but whether or not such a right existed could not affect the power of the surrogate to grant a jury trial. That power must be found in the statute. The statute to me seems clear that with reference to a proceeding pending before September 1st the surrogate has no such power, and I must therefore deny the application for a jury trial herein.

Decreed accordingly.