---

## In re IOVINELLA'S WILL.

(Supreme Court, Appellate Division, Third Department.   March 3, 1915.)

1. JURY (§ 19*)—RIGHT TO JURY TRIAL—PROBATE PROCEEDINGS—AUTHORITY OF SURROGATE.

Code Civ. Proc. § 2771, as amended by Laws 1914, c. 443, providing that nothing therein shall repeal or modify any existing law specially applying to any county, which is inconsistent with any section of this chapter, nor in any manner affect any litigation, action, or special proceeding pending when the act takes effect, and such pending action or proceeding shall proceed under the practice established, was intended to be state-wide, and by its effect section 2538, as amended by Laws 1914, c. 443, does not entitle the contestant of a will to a jury trial before the surrogate or upon certificate in a proceeding begun before September 1, 1914.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 104–133; Dec. Dig. § 19.*]

2. JURY (§ 10*)—RIGHT TO JURY TRIAL—WILL CONTESTS—STATUTES.

Construction of Code Civ. Proc. §§ 2538, 2771, as amended by Laws 1914, c. 443, as not entitling a contestant of a will to a jury trial before the surrogate or on certificate in proceedings begun before September 1, 1914, does not deprive the contestant of a jury trial altogether, because of the repeal of section 2653a by such Laws 1914, c. 443, as General Construction Law (Consol. Laws, c. 22) § 93, providing that a repeal of a statute, or part thereof, shall not affect or impair any act done or right accruing, but that the same may be enforced the same as if the repeal had not been made, keeps section 2653a alive for the purpose of permitting contestant to prosecute his action in the Supreme Court.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 15, 16, 27½; Dec. Dig. § 10.*]

Appeal from Trial Term, Schenectady County.

In the matter of the probate of the will of Antonetta Iovinella, deceased. On objection to the probate of the will, and demand for jury trial, the surrogate ordered certain questions to be tried by jury in the Supreme Court. From an order of the Supreme Court (88 Misc. Rep. 224, 150 N. Y. Supp. 689), striking the proceedings from its calendar and sending it back to the Surrogate's Court for trial, there was an appeal. Order affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Nathaniel B. Spalding, of Schenectady, for appellant.
Henry S. Baehler, of Schenectady, for respondent.

HOWARD, J.   [1] In July, 1914, the surrogate of Schenectady county issued a citation to the contestant and others, requiring them to attend the probate in question. The citation was made returnable September 1, 1914. On the return day objections to the probate of the will were made and a jury trial demanded. Thereupon, under sec-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

tion 2538 of the Code, the surrogate ordered certain questions to be tried by a jury in the Supreme Court. The proceeding was placed on the Supreme Court calendar; but, on motion, an order was made in that court striking the proceeding from the calendar, on the ground that the surrogate was not authorized to certify the trial to the Supreme Court under section 2538, the proceeding having been begun before September 1, 1914. The matter was sent back to the Surrogate's Court.

A complete revision of the surrogate's practice was effected by chapter 443 of the Laws of 1914. Section 2538 of the Code under this revision reads:

"In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury, and in any proceeding for the probate of a will in which any controverted question of fact arises, the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same. The surrogate in such order must direct that such trial be had either before himself and a jury, or at a Trial Term of the Supreme Court to be held within the county, or in the County Court of the county. Either of the surrogates of the county of New York may, in his discretion, make an order transferring to the Supreme Court any special proceeding for the probate of a will pending in said county. If the trial shall not take place in the Surrogate's Court the order must state distinctly and plainly each question of fact to be tried, and shall be the only authority necessary for the trial of such question. The verdict, if not set aside by the judge before whom the question is tried, shall be certified to the Surrogate's Court by the clerk of the court in which the trial took place, and shall be conclusive except upon appeal."

If it were not for a subsequent provision, the contestant would, beyond doubt, be entitled to a jury trial under this section; but the last section of the revision, section 2771, raises a doubt and presents the question under consideration. That section reads:

"Sec. 2771. Effect of This Chapter on Laws Applicable to Certain Counties. —Nothing in this chapter shall repeal, amend or modify any existing law specially applying to any county, which is inconsistent with any section of this chapter, nor in any manner affect any litigation, action or special proceeding pending at the time when this act takes effect, and such pending action or special proceeding shall proceed under the practice established, the same as though not affected by this act."

In its original form, as that section was presented by the surrogate's revision commission to the Legislature, it contained only the first part of the section, down to and including the word "chapter." But the Legislature did not enact it in that form. It added the latter part and then enacted it. As the section now reads, if it is applicable to Schenectady county, the contestant was not entitled to a jury trial, because the proceeding was pending when the act took effect. But is the law applicable to all the counties of the state, or only to those counties having special laws inconsistent with chapter 443 of the Laws of 1914? That is the question before us.

The purpose of section 2771 as it was reported by the commission was clear and certain. It was intended to apply to those counties having special laws on surrogate's practice, and to exempt those counties from the operation of the new law so far as it conflicted with the

special laws. The Legislature, wishing to exempt all pending litigation from the operation of the new law, undertook to do so by adding the last part of section 2771. That provision was inserted in an awkward, unscientific way, at an inappropriate place, and under a misleading title. It was the purpose of the Legislature, however, very evidently, to exempt pending litigation, not only in those counties having special laws, but all over the state, from the effect of the revised law.

Whether the Legislature acted wisely in making this addition to the report of the Commission we are not to say. We are only to discover, if possible, the legislative intent. And whether the section under consideration will result in simplifying the practice or will add confusion we need not determine. Perhaps the legislative thought was that, if litigation already begun and partly accomplished under the old practice were to be interrupted, and continued under the new, disorder and confusion might thus be injected. But, however that may be, we are of the opinion that section 2771 was intended by the Legislature to be state-wide, and that section 2538 does not entitle the contestant to a jury trial before the surrogate, or upon certificate, in a proceeding begun before September 1st. The surrogate of Bronx county has already construed this law as we are construing it. In re Spooner, 87 Misc. Rep. 170, 150 N. Y. Supp. 136.

[2] But inasmuch as chapter 443 of the Laws of 1914 repealed section 2653a of the Code, it is suggested that this interpretation of the statute deprives the contestant of a jury trial also in the Supreme Court, and therefore deprives him absolutely of a jury trial. This is not so, we think. Section 93 of the General Construction Law provides:

"Effect of Repealing Statute upon Existing Rights.—The repeal of a statute or part thereof shall not affect or impair any act done, offense committed or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected."

This provision keeps section 2653a of the Code alive for the purpose of permitting the contestant to prosecute his action in the Supreme Court, that right having "accrued" to him before section 2653a was repealed.

The order appealed from should be affirmed. All concur.