ANNA RISCHEL, Formerly ANNA CORDES, as Administratrix, etc., of THEODORE D. CORDES, Deceased, Plaintiff, *v.* ANNA GERKEN, Defendant.

Second Department, April 15, 1921.

Surrogates' Courts — proceeding by creditor to sell real property of decedent to pay debts governed by Code of Civil Procedure as it existed when letters issued on decedent's estate — Code of Civil Procedure, sections 2702 and 2705, as subsequently amended, not applicable — three-year Statute of Limitations applies — proceeding need not be ancillary to accounting — vendor and purchaser — marketable title.

A proceeding instituted by a creditor to sell the real estate of a decedent for the purpose of paying debts is governed by the statute as it existed prior to September 1, 1914, when the so-called Surrogates' Code went into effect, where letters of administration were issued prior to that date.

Sections 2702 and 2705 of the Code of Civil Procedure, limiting the time within which such proceedings may be instituted to eighteen months after the issuance of letters and requiring the proceedings to be ancillary to an accounting, do not apply, since the right of the creditor accrued prior to the time when said sections became operative, and was, therefore, by force of section 3352 of the Code of Civil Procedure and section 93 of the General Construction Law, to be determined by the law as it existed prior to that date.

Accordingly, the sale made in the creditor's proceeding instituted within three years from the date of the issuance of letters, passes a good and marketable title.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Leonard J. Reynolds* [*Frank Rosenberg* with him on the brief], for the plaintiff.

*Charles Rush* [*Malcolm R. Lawrence* with him on the brief], for the defendant.

MILLS, J.:

The question to be determined is that of the marketability of the title to a certain parcel of real property in the county of Kings. The material facts as stated in the submission are the following:

Theodore D. Cordes died in Queens county March 30,

Second Department, April, 1921.                    [Vol. 196

1914, intestate and seized of an undivided one-fourth interest in said property, leaving a widow and one child, a son. Letters of administration upon his estate were duly issued to the widow by the Surrogate's Court of said county on May 20, 1914; and she thereupon duly qualified and entered upon the duties of the office. The personal property left by decedent was insufficient to pay his debts. No proceeding for an accounting or a judicial settlement of accounts has been taken by or against the administratrix. John C. Cordes was a creditor of the decedent and, he having died in the interim and left a will, one Walter F. Ring, being the sole surviving executor of that will, on or about April 4, 1917, began in said court by petition a proceeding to authorize and direct the said administratrix to sell the one-fourth interest in said parcel of real estate. The proceeding was in all respects conducted in strict accord with the provisions of the statute in force at *the time when said letters of administration were issued. It culminated in a decree made by said court, November 21, 1917, authorizing and directing the said administratrix to make such sale. Thereafter, in strict accord with the directions of that court, the administratrix entered into a written contract to sell to the defendant the said one-fourth interest for the sum of $17,500, subject to a certain mortgage, of which the sum of $1,000 was paid down and the balance was to be paid at the closing. Upon report of that contract duly made, that court approved the same and directed the administratrix, the plaintiff herein (she having remarried), to carry out the same; but at the closing defendant refused to accept plaintiff's deed and to pay the said balance, and rejected the title thus offered upon the ground that the proceeding should have been conducted under and in accord with the provisions of the new Surrogates' Code or Practice Act, which went into effect September 1, 1914, and that, therefore, that court had no jurisdiction to make the said several decrees because (a) the proceeding was not taken within eighteen months after the issue of said letters of administration, and (b) because it was not taken as ancillary to an accounting by the administratrix and no such accounting was then pending.

It is, of course, undisputed that the new Surrogates' Code,

so called, which went into effect September 1, 1914 (Laws of 1914, chap. 443), by sections 2702 and 2705 of the Code of Civil Procedure, does impose both of those restrictions upon the authority of the Surrogate's Court to make such decrees, and that such court has only a statutory power to make them, i. e., no inherent power or jurisdiction in that regard.

The defendant here insists upon the said objections as rendering the title tendered by plaintiff unmarketable. Upon the other hand, the contention of the plaintiff is that inasmuch as the letters of administration were issued prior to September 1, 1914, the proceeding to sell was properly taken and conducted in all respects under the statute in force just prior to that date. The vital points of difference between the two statutes are that the earlier one allowed the proceeding to be taken within three years after the issue of said letters and also to be taken by the creditor independently of any accounting, voluntary or involuntary, upon the part of the administratrix; while the latter imposes the limit of eighteen months after such issue and requires the proceeding to be ancillary to an accounting. (See Code Civ. Proc. §§ 2749, 2750, as amd. by Laws of 1894, chap. 735, and Laws of 1909, chap. 183.) The plaintiff contends, however, that by section 3352 of the Code of Civil Procedure and section 93 of the General Construction Law the right to take the proceeding to have the real estate sold, having then accrued, was preserved. Said section 3352 provides in substance that the provisions of the act shall not render ineffectual or impair any right lawfully accrued or established before any given such provision takes effect; but that, so far as may be necessary to avoid such a result, the statutes in force on the day before the provision takes effect are deemed to remain in force. Said section 93 provides in effect that the repeal of a statute or a part thereof shall not affect or impair any " right accruing, accrued or acquired * * * prior to the time such repeal takes effect." This construction of the plaintiff, at least so far as the time limit is concerned, seems to me to be fully sustained by O'Flynn v. Powers (136 N. Y. 412) and Williamson v. Field (2 Sandf. Ch. 533, 569). In the former case the will was probated in 1873. There was then and thereafter until 1880 no time limit upon the right of the

creditor to take such a proceeding; but by a new enactment in 1880, going into effect September first of that year, the limit of three years was imposed. In 1892 it was attempted to institute such a proceeding in reference to that estate. The Court of Appeals upheld the proceeding and declared at page 422 that " The right which a creditor of the testatrix * * * had on the day prior to September 1, 1880, to apply for an order to sell real estate * * * was we think a right accrued within the meaning of this section [referring to said section 3352] and was not we think affected by section 2750 " [meaning the new provision]. In the *Williamson Case (supra)* a mortgagee had come into possession of the mortgaged premises in 1827, and the mortgagor under the law then existing had twenty years in which to redeem. In 1830, when seventeen years of that period remained, the Revised Statutes went into effect, and imposed a ten-year limitation. (See 2 R. S. 301, § 52.) The assistant vice-chancellor, however, held that the new statute did not apply to the enforcement of the pre-existing right.

The defendant here, moreover, contends that even if it be true that the old statute limitation still applies as to rights existing before September 1, 1914, when the new act went into effect, still the method of proceeding of the new statute applies and governs, namely, that the proceeding must be part and parcel of an accounting and not an independent one. The argument of defendant's counsel here is that that provision affects merely the remedy and not the right and that, therefore, the new statute so far merely as it changes the remedy became effective even in the enforcement of the preserved pre-existing right. There is much apparent force in that reasoning. It seems, however, to have been practically considered and rejected in *Matter of Iovinella* (166 App. Div. 460; appeal dismissed, 214 N. Y. 688). In that case it was held that the provisions of the new Surrogates' Code allowing jury trial in the Surrogate's Court were not applicable to a probate proceeding pending on September 1, 1914; but that section 93 of the General Construction Law kept the old section 2653a of the Code of Civil Procedure " alive for the purpose of permitting the contestant to prosecute his action in the Supreme Court, that right having ' accrued.'

to him before section 2653a was repealed." The mode of trial certainly is a matter affecting the remedy merely. That case, therefore, appears to be an authority directly in point in favor of the plaintiff here.

Therefore, I conclude that plaintiff is entitled to judgment upon the submission for the relief asked, namely, specific performance, with costs.

Hence I advise decision and judgment accordingly.

RICH, PUTNAM, BLACKMAR and KELLY, JJ., concur.

Judgment for plaintiff for the specific performance asked, with costs. Settle order on notice.