1. PARTITION—SALE OF INTESTATE'S LAND—PROCEEDS—RIGHTS OF CREDITORS.

In an action for partition the court directed the undivided share of a tenant in common who had died intestate to be paid into court, three years not having elapsed from the commencement of the action to the issue of letters of administration on his estate. Within three years after letters of administration granted creditors of the decedent petitioned for the sale of his realty to pay debts. *Held*, that the surrogate must determine the liens of creditors upon the moneys deposited, as these represent the share of the decedent in the realty.

2. SAME—DISTRIBUTION OF PROCEEDS.

Under Code Civ. Proc. § 1538, as amended in 1897, where, on petition for partition, the property had been sold, and the share of a tenant in common who died intestate had been paid into the supreme court, the surrogate must make a certificate to the effect that the time within which a proceeding could be brought in the surrogate court for the sale of realty of a decedent to pay debts had expired as a condition precedent to final distribution of such fund in the supreme court.

In the matter of the estate of Henry Dusenbury. Proceedings to sell property for the payment of decedent's debts. Decree rendered.

Larned & Marks, for administrator.

J. C. O'Conor, for respondent Edson.

William G. Brown, for heir and creditor, Elizabeth Dusenbury.

THOMAS, S. This proceeding to sell the lands of the decedent for the payment of his debts was commenced after the property sought to be reached had been sold under a judgment rendered by the supreme court in an action of partition. The interest of the decedent in the property was an undivided one-third; and one-third of the net proceeds of the sale, after the payment of costs and specific liens, was, pursuant to section 1538, Code Civ. Proc., deposited with the chamberlain of the city of New York, three years not having then expired since letters of administration on the estate of the decedent had been issued out of this court. Notwithstanding such sale, the proceeds of the real property of the decedent stood in the place of the land until final distribution, and this proceeding, having been seasonably commenced within three years after the issuance of letters, may progress to a decree, and "the directions contained in the decree relating to the property sold are deemed to relate to those proceeds." Code Civ. Proc. § 2797. The general policy of legislation in this state has been to sustain the right of creditors of a decedent whose personalty was inadequate to enforce payment from his real property, but the methods in which the proceeds of property converted into cash by the decree of a court other than the surrogate's court could be reached have not always been uniform. As to real property sold to satisfy a mortgage, the surplus remaining after satisfying specific liens is required to be paid into the surrogate's court having jurisdiction to distribute the personal estate of the decedent,

or to the county treasurer subject to the order of the surrogate's court. Code Civ. Proc. § 2798. The surrogate may thereupon continue a proceeding previously commenced against the real property, or entertain any new proceeding subsequently commenced, and make a decree for the final distribution of the fund. Code Civ. Proc. § 2799. In other words, the surrogate's court is given jurisdiction in the distribution of surplus arising from sales in foreclosure to pay therefrom the debts of a decedent properly chargeable against his real property, and also to direct the payment of the balance to his heirs at law. The interest of a decedent in real property sold under a judgment of a court having general jurisdiction in an action for partition, but which is subject to the claims of creditors, has been differently treated. By section 1538, Code Civ. Proc., as it stood prior to the amendment of 1896, it was provided as follows:

"If the complaint in such action [in partition] alleges, and it is made to appear by proof that there are unpaid debts of said deceased payable out of his estate, the premises sought to be partitioned may be sold free from such debts, and the money produced by such sale shall be brought into court, and the same, or so much thereof as may be necessary, shall be used for the payment of such debts in the same manner as debts of a deceased person are paid from the proceeds of sale of real estate in the surrogate's court. And the court in which said action is brought may proceed to ascertain such debts and direct their payment from such proceeds, or such court may direct such money to be paid into the proper surrogate's court, and direct the same to be administered as if the sale of such interest in said land had been made upon the decree of such surrogate."

It will be observed that it was made discretionary with the court which adjudged the sale to protect the creditors of the decedent by a proceeding under its own immediate control and supervision, or to direct the fund to be paid into the surrogate's court for distribution there. Because of this, a practice grew up in this court to refuse to entertain any application for the disposition of a fund created by a sale under a judgment of the supreme court, until, by an order of the supreme court, it was made clearly to appear that it was the desire of that tribunal that we should proceed. This led to my previous memorandum in this matter to the effect that such an order should be applied for. It now appears that an application to the supreme court for a modification of the judgment of partition or for an order subjecting the distribution of the fund to the jurisdiction of this court has been denied. I am now of the opinion that this denial was entirely proper, and that, under Code Civ. Proc. § 1538, as it now stands, the final distribution of the fund must remain with the supreme court, but that this court must nevertheless progress the present proceeding to determine the liens, if any, of creditors of the decedent. This new section 1538 is quite long, and its precise meaning is only to be gathered upon attentive perusal, but some fundamental purposes sought to be accomplished quite clearly appear. It is discretionary with the court to direct that the land be sold "free from the lien of every debt of such decedent or decedents, except debts which were a lien upon the premises before the death of such decedent or decedents." If such a direction is made, and the action

is brought before three years have elapsed from the granting of letters of administration or letters testamentary of a decedent from whom the plaintiff derived his title, or of a deceased person who, if living, should be a party to the action, the share of the proceeds of the sale which would have belonged to such deceased person, or to his grantee, must be paid into court, "to await the further order in the premises." No final distribution of this money can be made until it is made to appear by the certificate of the surrogate that the time within which a proceeding could be brought in the surrogate's court for the mortgage, lease, or sale of the real property of said decedent for the payment of his debts or funeral expenses, or both, has expired, and that no such proceeding is pending. No payment of any kind can be made from the fund until this certificate is obtained, except upon a bond to the people of the state of New York being furnished to the effect that the party withdrawing a part of the deposit will pay any and all claims when thereunto required by order of the court, or by order of the surrogate, or of the surrogate's court in a proceeding to mortgage, lease, or sell the real property of such decedent. In the present case the share of the decedent in the proceeds of the sale of the real property in which he had an interest has been paid to the city chamberlain in pursuance of these provisions of law, because the time had not expired for the commencement of a proceeding in this court by a creditor to obtain satisfaction of his claim thereon. The deposit could have had no other purpose, and no other purpose is claimed. The certificate of a surrogate, upon which alone the fund can be distributed, cannot be given while this proceeding is pending. It must continue pending until it is ended by an appropriate decree. Just what the form of that decree will be it is not necessary at this time to determine. It should certainly be so framed as to enable a successful creditor to enforce a bond given as prescribed on the withdrawal of a part of the fund. Just as certainly it ought not to assume to direct the chamberlain to pay out money held by him subject solely to the orders of the supreme court. It is confidently believed that, on being satisfied of the correctness of the conclusions now reached, the supreme court will so frame its order as to protect every substantial right which this court shall assert by its decree. An order of reference will be made to take evidence with regard to all the issues raised by the pleadings, and to report the same, with the referee's opinion thereon.

Decreed accordingly.