(156 App. Div. 532.)

### LICHTENBERG v. LICHTENBERG et al.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 406*)—SALE OF REAL ESTATE—PROCEEDINGS—APPLICATION TO CLAIMS OF CREDITORS—TIME.

Where land in which decedent was seised of an undivided interest was sold in partition, and decedent's distributive share of the proceeds deposited with the chamberlain of the city of New York to await the further order of the court, such funds were applicable to the payment of decedent's creditors in a proceeding for the ascertainment of debts and the distribution of the fund, authorized by Code Civ. Proc. §§ 2749–2801a, and was not within section 1538, providing for payment of heirs, devisees, and others to whom amounts are awarded by· a judgment in partition at the expiration of three years subsequent to the issuance of letters testamentary; and hence creditors were not required to delay proceedings to distribute the fund until the expiration of such period.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1612½; Dec. Dig. § 406.*]

2. EXECUTORS AND ADMINISTRATORS (§ 403*)—SALE OF REAL PROPERTY TO PAY DEBTS—STATUTORY PROVISIONS—LIEN.

The provision of Code Civ. Proc. § 2750, that proceedings for the sale of real property of a decedent to pay debts may be instituted at any time within three years after the issue of letters, merely creates a lien on the real estate and prescribes the period within which proceedings may be initiated to enforce such lien, but after the real estate has been converted into money the only provision as to payment is that the executor or administrator shall apply the proceeds in the same manner as if he had acted under power of sale contained in the will; and therefore the executor and administrator is justified in paying at once creditors who have filed claims pursuant to notice to creditors, published as required by Code Civ. Proc. § 2718, and will be protected as against any creditor whose claim has not been filed.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1609, 1610; Dec. Dig. § 403.*]

3. EXECUTORS AND ADMINISTRATORS (§ 406*)—PROCEEDS OF REAL PROPERTY—PAYMENT TO CREDITORS—PROCEEDS—JURISDICTIONAL FACTS.

Code Civ. Proc. § 2754, with reference to distribution of the proceeds of a decedent's real estate among creditors, provides that, unless the executor or administrator has caused to be published a notice requiring creditors to present their claims, and the time for the presentation thereof, pursuant to the notice, has elapsed, the citation must be directed generally to all other creditors of the decedent as well as to those named. *Held* that, where a surrogate's decree recited that a citation was addressed only to certain named creditors, it was essential that moving papers, in an application in the Supreme Court for distribution of the proceeds of decedent's interest in real property among creditors, should show the jurisdictional fact that the decedent's executors had published the statutory notice to creditors; that the time for the presentation of claims had elapsed; and that the creditors cited in the surrogate's proceedings were all that had filed claims.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1612½; Dec. Dig. § 406.*]

Appeal from Special Term, New York County.

Action by Benjamin Lichtenberg against Eliza Lichtenberg and others, impleaded with the People of the State of New York. From an order denying a motion to distribute among the creditors of Moses

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

J. Lichtenberg, deceased, a fund in the hands of the chamberlain of the city of New York, Benjamin Lichtenberg appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Eliphalet W. Tyler, of New York City, for appellant.

SCOTT, J. This appeal is brought on by persons interested, as creditors or otherwise, in the estate of Moses J. Lichtenberg, deceased. Just when said Lichtenberg died, or when letters testamentary were issued upon his will, are not disclosed by the papers before us, but it is evident that both of these events occurred less than three years before the motion from the denial of which this appeal is taken.

It appears that at the time of his death said Lichtenberg was seised of an undivided interest in certain real estate in the city of New York, which after his death was sold in partition, and the sum of $2,393.44, representing his distributive share in the proceeds of said sale, was deposited with the chamberlain of the city of New York to await the further order of the court in the premises, as prescribed by section 1538 of the Code of Civil Procedure. The decedent left a number of debts, not liens upon his real estate, and a proceeding was thereupon instituted under chapter 18, tit. 5, of the Code of Civil Procedure, which provides for the disposition of a decedent's real property for the payment of his debts and funeral expenses. This proceeding resulted in a decree of the Surrogate's Court of the county of New York fixing the amounts due to the several creditors named therein, and directing the payment of the costs of the proceeding and the amounts found due to the said creditors. Thereupon the present motion was made in the partition action for an order directing the payment by the chamberlain of the fund in his hands in accordance with the decree of the Surrogate's Court.

The motion was denied at Special Term, on the ground that it was premature; reference being made to Wood v. Hubbard, 29 App. Div. 166–169, 51 N. Y. Supp. 526, section 1538 of the Code of Civil Procedure, and section 101 of the Decedent's Estate Law (Consol. Laws 1909, c. 13). The evident view of the court was that no distribution of the fund could be made until three years had elapsed since the issue of letters testamentary. Section 1538 of the Code provides exclusively for payments, not to creditors directly, but to heirs, devisees, or other parties to whom amounts are awarded by the judgment in partition. The several methods in which payments may be made under this section may be summarized as follows:

First. This provides that three years after the date of the issuance of letters testamentary or of administration, upon certificate of the surrogate that no proceeding for the mortgage, lease, or sale of real property is pending, and the certificate of the county clerk that no lis pendens as to such proceeding has been filed, the money may be paid out to any party *who is entitled to it under the terms of the judgment, without a bond.*

Second. This method provides that *a party to the action* at any time may withdraw the amount adjudged to him upon giving a bond

to pay any and all claims not exceeding the amount of the deposit, when required by the Supreme Court or by the surrogate or Surrogate's Court in a proceeding to mortgage, lease, or sell the real property of the decedent.

Third. When there has been a final accounting in the Surrogate's Court, and an account has been filed showing that the *debts have been paid,* the court may dispense with the giving of a bond and pay the money over to the parties entitled to it.

Fourth. When a final judgment in a partition suit is rendered three years after letters have been issued on the decedent's estate, and no real estate proceedings have been begun, and no lis pendens as to the same filed, the money need not be deposited at all in the Supreme Court, but can be paid out at once to the parties entitled to it, except in the case of some party representing an estate, in which letters have not been issued for three years, in which case the money representing that estate is to be deposited in court.

None of these methods are applicable to the present case.

[1] The funds in the hands of the chamberlain, being the proceeds of real property owned by the decedent at the time of his death, are clearly applicable to the payment of his creditors, and a proceeding under chapter 18, tit. 5, of the Code of Civil Procedure, is the appropriate method to determine who are such creditors, and how much is due to each of them, respectively; the decree in such a proceeding operating, not on the real estate itself, but upon the fund which represents it. Matter of Dusenbury, 34 Misc. Rep. 666, 70 N. Y. Supp. 725. The question therefore is whether or not, in a case in which real property is sold under a decree of the Surrogate's Court for the payment of debts, the proceeds of such sale must be withheld and payment of the debts postponed until the expiration of three years after the issue of letters testamentary or of administration. There is no specific provision of law requiring the payment of debts to be thus postponed.

[2] The provision that proceedings for the sale of real property to pay debts may be instituted at any time within three years after the issue of letters (section 2750, Code Civ. Proc.) merely creates a lien upon the real estate and prescribes the period within which proceedings must be initiated to enforce that lien. After it has been enforced and the real estate converted into money, the only provision as to payment is that the executor or administrator "shall apply the proceeds of the real property mortgaged, leased or sold in the same manner as if he had acted under such a power of sale contained in a will." Clearly in such a case he would be justified in paying over at once to the creditors who had filed claims pursuant to the statutory notice to creditors, published as required by section 2718 of the Code of Civil Procedure, and as against any creditor who has not so filed a claim the executor or administrator would be protected. Erwin v. Loper, 43 N. Y. 521. We are therefore of the opinion that if the Surrogate's Court duly acquired jurisdiction to make the decree determining the creditors of the decedent and the amount payable to each, there was no occasion to wait until three years had elapsed since the issue of

letters before entering an order in this action providing for paying over the fund as it has been found in the Surrogate's Court that it should be paid.

[3] We find, however, a defect in the moving papers. Section 2754 of the Code provides as follows:

"Unless the executor or administrator has caused to be published, as prescribed by law, a notice requiring creditors to present their claims, and the time for the presentation thereof, pursuant to the notice, has elapsed, the citation must be directed generally to all other creditors of the decedent as well as the creditors named."

The decree of the Surrogate's Court in the present proceeding recites that a citation was addressed, not to creditors generally, but only to certain named creditors. It is to be assumed that the decree was drawn in this form, because it had been represented to the Surrogate's Court that the executors of Moses J. Lichtenberg, deceased, had published the statutory notice to creditors, and that the time for the presentation of claims had elapsed, and that the creditors cited ·were all that had filed such claims. The defect we find with the moving papers is that there is no proof of these facts, or evidence that such proof had been presented to the Surrogate's Court; nor does the decree itself recite such facts as having been found by the Surrogate's Court. As the jurisdiction of that court to make the decree rests upon the existence of these facts, it is necessary to show, before the Supreme Court can act upon such a decree, that jurisdiction did in fact exist to make it.

Probably proof of the necessary jurisdictional facts was laid before the Surrogate's Court, but it does not so appear by the moving papers before this court. For this reason the order appealed from will be modified so as to permit a renewal of the application upon proper papers, and as so modified will be affirmed, without costs. All concur.