(81 Misc. Rep. 376.)

## GRISWOLD et al. v. McDONALD et al.

(Supreme Court, Special Term, New York County.   June, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 329*)—SALE OF REAL PROPERTY—PRO-
CEEDINGS—DEFICIENCY JUDGMENT.
Where a deficiency judgment was rendered against the deceased mort-
gagor's administrators, a proceeding brought by the judgment creditors
under Code Civ. Proc. §§ 2749–2801, for the sale of the other real prop-
erty of deceased for the payment of debts, was proper, though such real
property had already been sold in partition proceedings instituted by
his heirs at about the same time as the foreclosure action; the proceeds
of the partition sale standing in the place of the real property sold.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 1052, 1059, 1342, 1350–1364;  Dec. Dig. § 329.*]

2. EXECUTORS AND ADMINISTRATORS (§ 337*)—SALE OF REAL PROPERTY—PRO-
CEEDINGS—PARTIES.
Code Civ. Proc. § 2754, which requires that in proceedings for the sale
of real property of a decedent to pay debts the surrogate "must issue a
citation according to the prayer of the petition," requires merely that
the surrogate issue citation to all the necessary parties whose rights may
be affected and to any others he may deem proper, and not to persons
having no interest in the suit though they be named in the petition;
and hence, where the only real parties in interest were the heirs, dev-
isees, and creditors, failure to issue citation to the administrator, oc-
cupants, and one who had been a lienor was not fatal to the surrogate's
jurisdiction, though these persons were named in the petition.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 1397–1409;  Dec. Dig. § 337.*]

3. EXECUTORS AND ADMINISTRATORS (§ 349*)—SALE OF REAL PROPERTY—IR-
REGULARITIES—COLLATERAL ATTACK.
Failure of the surrogate to issue citation to a person who, though
named in a petition, is not a necessary party in proceedings under Code
Civ. Proc. §§ 2749–2801, for the sale of a decedent's real estate for the
payment of his debts, is at most a mere irregularity and cannot be raised
in a collateral proceeding to enforce the surrogate's decree.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 1446, 1449–1455;  Dec. Dig. § 349.*]

Action by Almon W. Griswold and another, as administrators, etc.,
against Charles E. McDonald and others to enforce a decree of the
Surrogate's Court of Sullivan county.   Judgment for plaintiffs.

See, also, 153 App. Div. 898, 138 N. Y. Supp. 1118.

C. H. & J. A. Young, of New York City (Albert Ritchie, of New
York City, of counsel), for plaintiffs.

Wentworth, Lowenstein & Stern, of New York City (Bertram L.
Marks, of New York City, of counsel), for defendant Ruby Draper.

G. R. Brennan, of New York City, for Charles E. McDonald.

DELANY, J.   The plaintiffs in this action, as administrators of
Henry U. Perry, deceased, seek the enforcement of a decree of the
Surrogate's Court of Sullivan county and certain other equities (about
which there is no dispute), provided this court deems it proper that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the enforcement of the surrogate's decree should be directed. The defendants in this action are the heirs at law of Charles McDonald, deceased, and some of their sureties on undertakings given by them on the withdrawal of certain proceeds of sale under a judgment had in a partition action. It appears, among other facts, that some time in 1891 Charles McDonald executed a bond and mortgage which were ultimately assigned to the committee of plaintiffs' intestate, then an incompetent, to secure $23,000. On May 5, 1907, McDonald, the mortgagor, died intestate, having prior to his death conveyed the mortgaged property, subject to the mortgage, to some other person, and on May 31, 1907, one James A. Roberts was appointed administrator of the decedent's estate. In November, 1907, the plaintiffs, as committee of Perry, the assignee of the mortgage, began an action for foreclosure. An interlocutory judgment directing the sale of the mortgaged premises was obtained; a sale was held; and a final judgment for a deficiency of $9,110.24 was entered against Roberts, as administrator of McDonald, deceased. At about the time when the foreclosure action was begun, an action for the partition of the estate of McDonald, under section 1538 of the Code, was commenced by one of the heirs, and in January, 1910, final judgment in said action was entered directing the referee to divide the net proceeds of the sale in partition into eight equal parts and pay the same into the Supreme Court by depositing them with the treasurer of Sullivan county to the credit of the eight heirs entitled to share in the proceeds. Thereafter several of the eight defendants withdrew their shares, and upon so doing each filed with the clerk of Sullivan county his bond with certain sureties; the condition of such obligation being that, if the county treasurer should pay either of the aforesaid eight the amount deposited to his credit, the person receiving the said payment would pay all claims not exceeding the amount of the deposit to his credit when required to do so by order of the Supreme Court or by order of the Surrogate's Court in a proceeding to mortgage, lease, or sell the real property of McDonald, the decedent.

The plaintiffs herein, as creditors of McDonald, deceased, began a proceeding in the Surrogate's Court in Sullivan county in May, 1910, under the provisions of chapter 18, tit. 5, §§ 2749 to 2801, of the Code, praying for the decree for the sale, mortgage, or lease, etc., of McDonald's real property to pay his debts, and thereafter a decree was made wherein it was found that the judgment in the foreclosure action entered March 3, 1909, in favor of the plaintiffs, as committee, etc., against Roberts, as administrator of McDonald, was a valid and subsisting debt against the decedent McDonald's real property of which he died seised; that the plaintiffs were entitled to have a sale of the same; and that, as it had already been sold, plaintiffs' debt was a lien upon the proceeds resulting from the sale of the said real estate in the partition action, and which were deposited with the treasurer of Sullivan county. Regarding the fund resulting from the sale of the real estate in the partition action in the same light as if it were the real property itself (to which but for the change in its condition it is clear they, as creditors, would be entitled to have recourse), the plain-

tiffs proceeded under the provisions of chapter 18, tit. 5, §§ 2749 to 2801, of the Code, before the surrogate and obtained the decree, as set forth above, and they now seek to have that decree enforced against the fund in the hands of the county treasurer and bring this action in this court because the fund in question is under its control. The objections which are urged to the demands herein made are: First, that the proceeding conducted before the surrogate is not the proper one and is justified by no provision of law, because there was no real estate of the decedent to sell at the time of the presentation of the petition to the surrogate for the sale of the decedent's property to pay debts; and, second, that, even if it were the proper proceeding, the surrogate did not acquire jurisdiction of the same because of the failure of the petitioners to comply with certain statutory provisions necessary to confer jurisdiction, in that citation was not served upon (a) the administrator of the decedent McDonald's estate, (b) the occupants of the real estate of the decedent which had been sold in the partition action, and (c) the mortgagees of the interest of one of the heirs of the decedent. Before the amendment to section 1538 of the Code, which now allows the sale of the real estate free and clear of the decedent's debts in a partition action, it could not be so sold, and, if sold by the heirs at law, a creditor, in a proper case, had a right to pursue the real property of the decedent and to resell it in pursuance of a decree providing for the payment of a decedent's debts.

[1] The plaintiffs herein claim that, there being no other provision of the Code applicable to a case where property is sold free from debts, the rights of a creditor are unaffected by the sale in the partition action, except that the money acquired from the sale stands in the place of the property sold and is held for the benefit of the creditors and may be reached in a proceeding under section 18, tit. 5, §§ 2749 to 2801; the decree adjusting itself to the changed condition of the property. No reason appears to be in conflict with this contention. On this suggestion it may be said that chapter 18, tit. 5, is still effective. It has been held that:

"The funds in the hands of the chamberlain, being the proceeds of real property owned by the decedent at the time of his death, are clearly applicable to the payment of his creditors, and a proceeding under title 5, c. 18, of the Code of Civil Procedure, is the appropriate method to determine who are such creditors, and how much is due to each of them respectively; the decree in such a proceeding operating not on the real estate itself but upon the fund which represents it."

See Lichtenberg v. Lichtenberg, 156 App. Div. 532, 141 N. Y. Supp. 356.

"Notwithstanding such sale the proceeds of the real property of the decedent stood in the place of the land until final distribution." Matter of Dusenbury, 34 Misc. Rep. 666, 70 N. Y. Supp. 725.

I am therefore clearly of the opinion that the proceeding conducted before the surrogate was the proper one and that the prior sale of the property in the partition action did not affect it.

[2] The question, however, as to whether in this case the surrogate acquired jurisdiction will depend upon a consideration of the

provisions of section 2749 et seq. of the Code. The proceeding to sell real estate in the Surrogate's Court is a statutory one. It is conceded that a compliance with the provisions of the statute is necessary for the acquisition of jurisdiction. Section 2750 requires that the proceeding shall be initiated by a petition praying for the sale of the decedent's real property and that "the parties named in the petition and all other necessary parties, as prescribed in the subsequent sections of this title, may be cited to show cause," etc. Section 2752, among other things, requires that the petition shall state the name of each occupant, if any, of the land, the names of all the heirs, and every person claiming under them, and if the petition is presented by a creditor the name of the administrator. Section 2754 provides that, where the surrogate is satisfied that the debts cannot be paid without resorting to the real estate, "he must issue a citation according to the prayer of the petition," and, if upon inquiry, "it appears to the surrogate, that any heir,  *  *  *  or person claiming an interest in the property under an heir,  *  *  *  is not named in the petition, the citation must also be directed to him."

In the proceeding under consideration the plaintiffs were creditors, and their petition did set forth the names of all the heirs of the administrator, of the various occupants of the land, and of the mortgagees of the interest of one of the heirs, but prayed that citation be issued to the heirs and to the administrator only. The citation, however, was not issued directed to the occupants of the land, the administrator, or the mortgagees of the interest of one of the heirs, but was to all the heirs, and the defendant Ruby Draper, one of the heirs now objecting to the surrogate's proceedings on the ground of failure to cite the occupants, the administrator, and the mortgagees of the interest of the heir Frank C. McDonald, was duly served but failed to appear on the return of the citation. The administrator had already given the statutory notice to all the creditors, closed his estate, rendered his accounting, and had no interest whatever in the proceeding, which in no event would bring money into his hands or require him to do any acts whatever in connection with the proceeding. An administrator is merely the formal medium through which the rights of creditors may be enforced against the real estate and he has no interest in the premises. The real parties in interest are the heirs at law, devisees, and creditors. Richardson v. Judah, 2 Bradf. Sur. 157; Turner v. Amsdell, 3 Dem. Sur. 19. The administrator or executor may not contest the application of the real property to payment of decedent's debts (Code Civ. Pro., § 2755), and section 2754 does not name the administrator as one of the parties upon whom citation is directed to be made. The question, therefore, turns upon a sentence in section 2754, which reads that "he [referring to the surrogate] must issue a citation according to the prayer of the petition." If this should be construed to mean that each person named in the petition is indispensable and must be cited, then, of course, the issuance of a citation to each person so named would be regarded as a prerequisite to jurisdiction. But it seems to me that all that would be necessary would be for the surrogate to direct that citation issue

to all the necessary parties whose rights might be affected by the proceeding and perhaps to such others as for special reasons he might deem proper. Section 2754. He might, in a proper case, even dispense with service where he deemed the circumstances warranted his doing so, but I do not think that the section means that the surrogate must direct citation to issue to every person named in the petition nominatim, however unnecessary, who does not appear to have either rights or interests. I think the jurisdiction of the court is acquired by the issuance of a citation "according to the prayer of the petition" when the citation is issued to all those persons who are shown by the petition to be necessary parties; such parties being those interested in the subject-matter or shown to have rights incidental thereto.

[3] A substantial compliance with the provision of the statute, therefore, would give the court jurisdiction, and, if a person named in the petition clearly had no rights, failure to cite him would at most constitute a mere irregularity and not a jurisdictional defect. An objection based on such an irregularity could not be raised in a collateral proceeding as the one before us is and therefore is ineffective now. Greenblatt v. Hermann, 144 N. Y. 13, 19, 38 N. E. 966; Matter of Dolan, 88 N. Y. 309; O'Connor v. Huggins, 113 N. Y. 511, 519, 21 N. E. 184. It cannot be assumed that, because the citation did not issue to the occupants of the land which had previously been sold in the partition action, a substantial compliance with the provisions of section 2754 has not been made. The conditions existing at the time of the filing of the petition in the surrogate's proceedings made it unnecessary to comply with any provision seemingly requiring citation to issue to occupants of the land, and it cannot be assumed that the law will require the doing of an unnecessary and meaningless act. The allegation in the petition to the surrogate sets forth on information and belief that:

"Frank C. McDonald, one of the heirs of the said decedent, and Mabel McDonald, his wife, heretofore and on September 8, 1908, executed a mortgage of their interest and share in the said property to the Paicinez Company for the sum of $1,800, and the same has not been paid."

But inasmuch as three months before this time the lien had been released by payment, pursuant to an order made in the Supreme Court action, it may be inferred that, before citation issued, that fact became known to the surrogate, and the alleged lienor was not cited because he was not a necessary party and had no right to citation. The allegation viewed in this light was surplusage and might be ignored without affecting the substantial compliance with the statute, or, if a stricter rule be insisted on, it was a mere irregularity curable by amendment, not depriving the court of jurisdiction and not, in any event, contestable collaterally, as is attempted here. In view of the ineffectual attempts of the plaintiffs heretofore to procure satisfaction of the surrogate's decree out of the proceeds of the sale in question, it would appear to be necessary for this court to give the plaintiffs the relief sought. Everything disclosed in the case shows the validity of the plaintiffs' claim, and resort to this court is only made in

order that a just debt, so determined by the surrogate, may be, as far as possible, paid out of the fund which is in the hands of the Supreme Court and under its control.

Judgment for plaintiffs.