(95 Misc. Rep. 79)

## In re ANDERSON et al.

(Surrogate's Court, Kings County. April, 1916.)

1. EXECUTORS AND ADMINISTRATORS ⊜⇒372—SALE OF REALTY—SUFFICIENCY OF TITLE.

Under Code Civ. Proc. § 2705, providing that if any person interested in the real estate of a decedent's estate, or in any question with reference to the mortgage thereof, is not a party to the settlement of the executor or administrator, the surrogate shall cause such person to be brought in by supplemental citation, a purchaser at an administratrix's sale will not be required to accept the title proffered, where an heir at law had given a mortgage on the property and the mortgagee was not cited in the proceedings, notwithstanding section 2714, providing that a conveyance by the administrator does not affect the title of a purchaser or mortgagee in good faith for value from an heir or devisee, unless letters testamentary or of administration were granted by a Surrogate Court on petition presented within two years after decedent's death.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1518, 1527; Dec. Dig. ⊜⇒372.]

2. EXECUTORS AND ADMINISTRATORS ⊜⇒372—ADMINISTRATION OF ESTATE—SALE OF REALTY—RIGHT OF PURCHASER.

On motion by administratrices to require a purchaser of realty to take the title proffered, a prayer in the affidavit of the purchaser for affirmative relief cannot be considered.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1518, 1527; Dec. Dig. ⊜⇒372.]

Proceedings on the settlement of the account of Fanny E. Anderson and another, as administratrices of Charles G. F. Lindstrand, deceased. On motion that purchaser at administratrices' sale take the title proffered. Denied.

Charles Swanson, of New York City, for administratrices.
Herzfeld & Sweedler, of Brooklyn, for purchaser.

KETCHAM, S. The administratrices having accounted in a proceeding brought since September 1, 1914, and having therein sold real estate of their decedent for the payment of debts, now move that the purchaser in such sale take the title proffered by them.

The purchaser voluntarily appears in the accounting proceeding and resists this motion upon the ground that one of the heirs at law of the decedent has made a mortgage upon all the right, title, and interest of the mortgagor in the premises so sold, and that the mortgagee therein named was not served with citation in the proceeding.

[1] The affidavit filed in behalf of the purchaser alleges that the title is rejected upon the ground asserted by a title company that the mortgage was made by one of the heirs at law of the decedent. If from this scant suggestion it may be assumed that the mortgage was made after the death of the ancestor, and before the service of the citation in the accounting, it must follow that the proceeding is defective, and that the title now offered is bad.

The effect of section 2714 of the Code of Civil Procedure is that a mortgage made by an heir or devisee creates no incumbrance upon

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the title conveyed by the representative for the purpose of paying the debts of the decedent, if the letters upon the estate were granted upon a petition therefor presented within two years after the death. Without resort to statute or authority, it must be plain, however, that the privity between the heir and his grantee is such that the latter should have equal right and opportunity with the heir to question the proceeding to sell the decedent's lands. The mortgagee takes a title which can only be defeated if it be determined that there are creditors and, in addition, that there is not sufficient personal estate with which to pay them. He is certainly excluded from an obvious right if this determination be reached without citation to him. He is further concerned with all the practical means by which, if a sale must be had, it shall be so conducted as to secure a fair price and, if possible, a surplus for his benefit. These considerations receive express recognition in the statute.

"If any person interested in such real estate, or in any question raised with reference to the mortgage, lease or sale thereof, is not a party to such judicial settlement, the surrogate, before proceeding further shall cause such person to be brought in by supplemental citation." Code Civ. Proc. § 2705.

The former Code protected the grantee or mortgagee of an heir or devisee, by provisions no more express and inevitable than those cited supra from the act now in force. Former section 2777 contained language which is reproduced in present section 2714, without change material to the present dispute. It was also then provided that the petition for the sale of decedent's lands should set forth—

"the names * * * of all the heirs and devisees of the decedent, and also every other person claiming under them, or either of them." Code Civ. Proc. former section 2752.

The surrogate was required to issue a citation according to the prayer of the petition, and if then it appeared—

"that any * * * person claiming an interest in the property under an heir or devisee, is not named in the petition, the citation must also be directed to him." Code Civ. Proc. former section 2754.

It is not strange that under a system thus adequately established question did not arise as to the plain reading of the statute. It was, however, held that in a proceeding to sell real estate the judgment creditor of an heir or devisee was a person claiming under such heir or devisee within the meaning of former section 2754 and its accompanying sections. It was held that a purchaser in such proceeding was properly relieved from his purchase, when such judgment creditor was not a party thereto. Matter of Townsend, 203 N. Y. 522, 96 N. E. 1105. Chief Judge Cullen, in the opinion, said:

"Though the lien of a judgment creditor on the real estate of his debtor is general and not specific, he has a substantial interest to protect in the proceeding. The effect of granting the application [for the sale of the lands] is to destroy his lien on the real estate."

Clearly the grounds for protecting the specific lien of a mortgagee would be more obvious, if necessary, than those which control the general lien of a judgment.

In Richmond v. Freeman's National Bank, 86 App. Div. 152, 83 N. Y. Supp. 632, the action was brought to restrain a sale made in a surrogate's proceeding for the sale of the decedent's lands, upon the ground that his devisee of the lands involved in the proceeding had mortgaged the same to a bank, which did not receive citation in the proceeding in the Surrogate's Court. No defect, however, was discovered by the court, which placed its decision solely upon the ground that the mortgage was made after the issuance and service of the citation, and the reflex effect of the argument of the court was that the mortgagee would have been entitled to notice and the proceeding would have been defective if the mortgage had preceded the issuance of process from the Surrogate's Court.

In Griswold v. McDonald, 81 Misc. Rep. 376, 143 N. Y. Supp. 341, the proceeding in the Surrogate's Court to sell decedent's land for the payment of debts was questioned, upon the ground that the petition therein alleged the existence of a mortgage made by one of the heirs of the decedent, and that the mortgagee therein was not cited. It appeared that for three months before the time when the allegation of the mortgage was made, the lien thereof had been released by payment, pursuant to an order made in an action. Reciting this fact, the court says:

"It may be inferred that, before citation issued, that fact [of payment] became known to the surrogate, and the alleged lienor was not cited because he was not a necessary party and had no right to citation."

The reflex of this language is clear, that a defect would have been declared by the court if in fact at the time when the citation issued there was an existing mortgage from the heir at law.

The proposition which controls this motion is well stated by Mr. Noble, the only author who has ever written a work upon this subject, in his Disposition of a Decedent's Real Estate for the Payment of Debts. He says (at page 84):

"But the proposition is fundamental that a person cannot be deprived of his property without due process of law; and this includes an opportunity to be heard afforded by some notice, actual or constructive. Rockwell v. Nearing, 35 N. Y. 302; Campbell v. Evans, 45 N. Y. 356; Happy v. Mosher, 48 N. Y. 313. It is therefore of grave importance that each person, who has acquired any interest or right in the real property upon or after the decedent's death, be named or described in the petition; for if such a person be not duly cited, his interest will not be affected by any disposition of the real property made pursuant to the decree. Bloom v. Burdick, 1 Hill, 130, 37 Am. Dec. 299; Wilson v. White, 109 N. Y. 59. 15 N. E. 749, 4 Am. St. Rep. 420; Matter of John's Estate, 18 N. Y. Supp. 172."

[2] The motion must be denied. The prayer in the affidavit of the purchaser for affirmative relief cannot be considered upon this application.

Decreed accordingly.