In the Matter of the Judicial Settlement of the Accounts of JAMES W. EGAN, as Executor, etc., of HANNAH EGAN MURPHY, Deceased, Respondent.

JOHN MURPHY, Appellant.

Fourth Department, May 4, 1921.

Partition — interlocutory judgment directing payment of proceeds into Surrogate's Court — surrogate does not have power to direct payment of money to executor in proceedings to sell same property — Code of Civil Procedure, §§ 1538 and 2707, applied — appeal — order directing payment of money to executor affects substantial right of person entitled to share therein.

Where an interlocutory judgment in a partition action instituted within eighteen months after the death of the owner of the land directs that the property be sold free from liens and on consent of the parties that the money be paid into the Surrogate's Court by paying the same to the county treasurer, the Surrogate's Court has no power in proceedings instituted by the executor to sell said real property for the payment of debts, to direct that said funds be paid over to the executor on his giving a bond.

Section 1538 of the Code of Civil Procedure governs the disposition of proceeds in partition actions, and the surrogate had no power to proceed under section 2707 of the Code of Civil Procedure.

The order directing the payment of said money to the executor affected a substantial right of the appellant, the husband of the decedent, who was entitled to a share of the partition money, in that it deprived him of his right to secure his share in the manner prescribed by section 1538 of the Code of Civil Procedure.

APPEAL by John Murphy, husband of Hannah Egan Murphy, deceased, and one of the persons named as devisee in her last will and testament, from that part of an order of the Surrogate's Court of Onondaga county, entered in the office of said surrogate on the 16th day of October, 1920, directing the county treasurer of said county to pay over to the executor herein the sum of $5,476.05, proceeds of the sale of real property of the deceased deposited with said county treasurer, pursuant to a final judgment of the Supreme Court in a partition action.

*John P. Hennessey,* for the appellant.

*George W. O'Brien,* for the respondent.

HUBBS, J.:

On March 25, 1918, Hannah Egan Murphy died leaving a last will and testament which was admitted to probate in the Surrogate's Court of Onondaga county. Within eighteen months after her death an action to partition the real property of which she died seized was commenced by her husband, John Murphy. An interlocutory judgment in such partition action was entered which directed a sale by a referee of the real estate *free and clear of all liens and incumbrances*. Thereafter a report of sale was made and a final judgment was duly entered. After providing for the payment of liens, taxes, costs and expenses, the final judgment provided as follows:

" 5. That said referee, after making the payments aforesaid divide and apportion the residue among the parties entitled thereto, according to their respective interests therein, as adjudged in said interlocutory judgment herein, and as hereinafter provided. That said referee *pay into Surrogate's Court* the proceeds of the sale of said real property and the moneys received by him as referee herein, after deducting the fees and disbursements as hereinabove provided, by paying the same to the county treasurer of the County of Onondaga to the credit of the several parties to this action according to their respective shares in pursuance of and in compliance with the provisions of the interlocutory judgment herein, to wit:

" (a) That he pay to the plaintiff, John Murphy, in the manner above provided, an one-third thereof, being the sum of $1,825.37."

The final judgment then provided for the distribution of the balance of said fund to the other parties in interest.

In accordance with said final judgment there was deposited with the county treasurer of Onondaga county the sum of $5,476.05, the net proceeds of the sale of the real property.

After entry of the interlocutory judgment in said partition action, and within eighteen months after the probate of the will in question, James W. Egan, the executor thereof, commenced a proceeding in the Surrogate's Court of Onondaga county under chapter 18, title 4, article 3, of the Code of Civil Procedure to sell said real property to pay debts and funeral expenses. As a result of such proceeding debts and

expenses to the amount of $617.44 were allowed by the surrogate in the order here appealed from, which order also provided that " the amount of costs and expenses of administration be reserved until the further hearing herein," and that, for the purpose of paying said claims and " the reasonable expenses of administration " the funds deposited with the county treasurer be brought into the account on the judicial settlement, to be disposed of by the decree. The county treasurer was directed to pay to the executor said fund of $5,476.05 and interest upon the filing of a bond for $6,000, by the executor, to be approved by the surrogate.

John Murphy, the surviving husband, has appealed from said order to this court, and urges that the surrogate had no authority to direct the county treasurer to pay over to the executor the fund of $5,476.05 deposited with said county treasurer under the final judgment in the partition action.

Section 1538 of the Code of Civil Procedure provides as follows: " When the action is brought before eighteen months have elapsed from the granting of such letters of administration or letters testamentary, as the case may be, upon the estate of a decedent from whom the plaintiff derived his title, and the interlocutory judgment directs, as above provided, that the premises shall be sold, free from the lien of debts, the final judgment shall direct that the proceeds of the sale remaining after the payment of the costs   *   *   *   be forthwith paid into court by the referee making such sale by depositing the same with the county treasurer of the county, in which the trial of the action is placed, to the credit of the parties entitled thereto, to await the further order in the premises."

The final judgment in the partition action directed that the net proceeds of the sale be paid into the *Surrogate's Court*. In a partition action there seems to be no authority for the direction to pay said money into the Surrogate's Court, although such authority did exist prior to 1896 under said section 1538 as it then read. (See Laws of 1890, chap. 509; Laws of 1896, chap. 277; Laws of 1918, chap. 305.) The final judgment herein so provided, however, apparently upon consent of all the parties.

The final judgment in the partition action fixed the rights of the appellant and of all other parties in interest. It estab-

lished the amount which the appellant was entitled to receive at $1,825.37. The manner in which he could withdraw that sum from the hands of the county treasurer was fixed by section 1538 of the Code of Civil Procedure. He might withdraw such money at any time by filing a bond and procuring an order as provided in said section; or, upon a certificate of the surrogate showing that eighteen months had elapsed since the issuing of letters upon the estate of the decedent and that no proceeding for the mortgage, lease or sale of the real property of said decedent was pending, and upon the certificate of the county clerk as provided in said section, he might apply to the court wherein the final judgment was rendered for an order directing the county treasurer to pay over the sum to which he was entitled under said final judgment.

Where a proceeding to sell, lease or mortgage real property for the payment of debts and funeral expenses, commenced within eighteen months after letters were issued, is pending in Surrogate's Court, the fund deposited under a final judgment in a partition action cannot be paid out until the determination of such proceeding, as such fund stands in place of the real property sold in the partition action and is subject to the lien of the decedent's debts. (*Matter of Dusenbury*, 34 Misc. Rep. 666.)

The appellant concedes that his share of such fund established by the final judgment in the partition action is subject to its proportionate share of the debts of decedent established in the proceeding in Surrogate's Court. It is urged by the appellant, however, that the total amount which is a legal charge against said fund under section 2703 of the Code of Civil Procedure should be fixed and determined by the surrogate and deducted from the amount on deposit with the county treasurer, and that the balance should be paid over to the appellant and to the other parties entitled thereto. It is insisted that the surrogate had no authority, when the debts were established at $617.44, to order the payment of the whole sum of $5,476.05 to the executor, thereby depriving the appellant of his right, under section 1538 of the Code of Civil Procedure, to apply to the court for an order permitting him to withdraw his share upon furnishing a bond as required

by said section, and making his share subject to a reduction for executor's commissions.

If the surrogate had authority to order the county treasurer to pay over to the executor a fund of $5,476.05 to enable him to pay debts of $617.44, he would have had the same authority no matter how large the fund might be. If the final judgment had directed that the fund be paid into the Supreme Court, the procedure for the distribution thereof would have been according to section 1538 of the Code of Civil Procedure and the decisions construing that section. (*Lichtenberg* v. *Lichtenberg*, 156 App. Div. 535; *Matter of Dusenbury*, 34 Misc. Rep. 666.) Under that practice the Supreme Court could not, in a partition action, order the fund paid over to an executor. The order in question was made by the surrogate on the authority of section 2707 of the Code of Civil Procedure, which provides, in part: " The proceeds of the sale of any real property sold by judgment of another court, which directs said proceeds to be paid into the Surrogate's Court subject to its order, may be directed by such order of the surrogate to be paid to the executor or administrator to be brought into the account on such judicial settlement and disposed of in accordance with the decree made thereupon." (See Laws of 1914, chap. 443.) The language of that section, standing alone, is broad enough to justify the order in question. It will be noted that said section reads: " judgment  *  *  * which directs said proceeds to be paid into the Surrogate's Court." Prior to 1896 said section 1538 provided that " such court may direct such money to be paid into the proper Surrogate's Court." Said section 1538, as it now reads, does not provide for paying surplus funds in a partition action into Surrogate's Court. In an action to foreclose a mortgage upon real property it is provided, in section 1633 of the Code of Civil Procedure, in certain cases mentioned in said section, where the claims of creditors of the deceased mortgagor may be enforced against a surplus fund, that " the surplus money must be paid into the Surrogate's Court." (See Laws of 1915, chap. 643.) It will be seen, by comparing said section 1633, relating to an action to foreclose a mortgage on real property, and said section 1538, relating to an action in partition, that the Legislature has provided different methods

in the given cases for paying out surplus money. This difference, as it existed under other sections of the Code of Civil Procedure prior to the revision of the Surrogates' Court Code (Laws of 1914, chap. 443) was pointed out in *Matter of Dusenbury* (34 Misc. Rep. 666). The statute governing the distribution of surplus moneys in actions for partition of real property is said section 1538; the practice under said section has been laid down by the courts, and should not be departed from without clear and expressed authority.

That part of said section 2707 above quoted would very likely justify the order appealed from if the surplus fund had arisen from an action to foreclose a mortgage upon real property, but as the fund in question was deposited in a partition action the surrogate was without authority to make an order directing that the whole fund be paid to the executor. While it is true that the final judgment in the partition action did direct that said surplus fund be paid into the Surrogate's Court, such judgment did not bestow upon the Surrogate's Court power and authority to make an order which the Supreme Court could not make under said section 1538, and did not authorize the Surrogate's Court to apply to such proceeding the provisions of said section 1633 applicable to a proceeding to distribute surplus funds resulting from the foreclosure by action of a real property mortgage.

The order appealed from affected a substantial right of the appellant and he is aggrieved thereby. (See Code Civ. Proc. § 2754.) The order, so far as appealed from, should be reversed, with ten dollars costs.

All concur.

Order, so far as appealed from, reversed, with ten dollars costs and disbursements.