ELIZABETH A. FARRELL, Individually and as Administratrix, etc., of DANIEL FARRELL, Deceased, Appellant, *v.* PETER FARRELL and Others, Respondents.

Fourth Department, October 3, 1923.

Executors and administrators — money deposited with county treasurer in action to admeasure dower — motion in Supreme Court to compel treasurer to pay over to administratrix denied in absence of order or decree of Surrogate's Court under Surrogate's Court Act, § 236 et seq.

A motion in the Supreme Court by an administratrix for an order directing a county treasurer to pay over to her a portion of the money deposited with him on the sale of real estate in an action to admeasure the widow's dower must be denied where she does not produce an order or decree of the Surrogate's Court upon an application to sell decedent's real estate under section 236 *et seq.* of the Surrogate's Court Act as a basis for the order.

APPEAL by the plaintiff, Elizabeth A. Farrell, individually and as administratrix, etc., from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Oneida on the 13th day of August, 1923, denying her motion for an order directing the treasurer of said county to pay to her as administratrix, from proceeds of the sale of the decedent's realty deposited with him in an action brought by the plaintiff to admeasure her dower, a sum sufficient to meet a deficiency which arose in administering the personalty of the decedent and paying his debts and funeral expenses.

*P. H. Fitzgerald,* for the appellant.

*Curtin & Curtin* [*Timothy Curtin* of counsel], for the respondents.

PER CURIAM:

The order should be affirmed.   Distribution of the fund on deposit resulting from the sale of decedent's property in the action

to admeasure the widow's dower must be made by the Supreme
Court (Real Prop. Law, § 490, as added ·by Laws of 1920, chap.
930; *Matter of Murphy,* 197 App. Div. 139; affd., 232 N. Y. 547),
but the petitioner to obtain an order of the Supreme Court grant-
ing distribution in her favor must, under section 1046 *et seq.* of the
Civil Practice Act, produce an order or decree of the Surrogate's Court
made upon an application to sell decedent's real estate under sec-
tion 236 *et seq.* of the Surrogate's Court Act as a basis for the
order of the Supreme Court.    (*Matter of Dusenbury,* 34 Misc. Rep.
666; *Lichtenberg* v. *Lichtenberg,* 156 App. Div. 532.)    Sections 1047
and 1048 of the Civil Practice Act are a substantial re-enactment
of the provisions of section 1538 of the Code of Civil Procedure
under which the cases cited were decided, so far as the question
involved here is concerned.    The petitioner has obtained no such
order or decree, and in fact has made no application under section
236 *et seq.* of the Surrogate's Court Act, and her motion was, there-
fore, properly denied.

All concur.

Order affirmed, with ten dollars costs and disbursements.