MATTER OF JOHN K. COLLINS. 265

Misc. 265]     Surrogate's Court, New York County, January, 1924.

In the Matter of the Estate of JOHN K. COLLINS, Deceased.

Surrogate's Court, New York County, January, 1924.

**Executors and administrators — accounting — when sale of real property for payment of debts and expenses of administration may be had — Surrogate's Court Act, § 233 — decree of surrogate pursuant to Civil Practice Act, section 1048, subjects proceeds of sale of decedent's real property to pay debts — when exception to report of referee for failure to allow interest on claim disallowed — report of referee confirmed and application for sale of property granted.**

Subject to the condition that the real property of a decedent has not been aliened or incumbered by his heirs at law or devisees section 233 of the Surrogate's Court Act authorizes the executor or administrator in an accounting proceeding, whenever had, to petition for the sale of the property for the payment of debts and expenses of administration.

Under section 1048 of the Civil Practice Act the decree of the surrogate subjects the proceeds of a sale of a decedent's real property, whether sold under the direction of that court or in a pending action for partition, to the payment of the debts of the decedent.

Where the administrator allowed a claim, as presented, without interest and upon his accounting no objection for failure to allow interest was filed, an exception to the report of the referee on the ground that he should have allowed interest, will be overruled.

Report of the referee confirmed and the application for a sale of the real property granted.

PROCEEDING to settle accounts of administrator.

*John M. Scoble,* for administrator James J. Collins and Frances M. Collins.

*Claude L. Coon (Joseph H. A. Symonds,* of counsel), for Joseph A. Collins.

*Francis X. Dineen,* special guardian.

*Frederick G. Rita,* for Margaret Collins.

*Leonard A. Giegerich, Jr.,* committee of Mary R. Collins, an incompetent.

*James J. Dooling,* special guardian.

FOLEY, S.   This is a contested accounting proceeding, wherein it has been properly determined by the referee that the proved debts and administration expenses exceed the value of the personal property.   The matter comes before the surrogate upon exceptions to the referee's report.   He reported that the real property of the decedent should be sold.   Application therefor was made by the administrator in this accounting proceeding.   The exception that this proceeding was not commenced in time is overruled.   The

effect of chapter 479 of the Laws of 1920 (amending section 2702 of the Code of Civil Procedure, now section 233 of the Surrogate's Court Act) was to authorize an executor or administrator to petition for the sale of real property for the payment of debts and administration expenses in an accounting proceeding, *whenever had.* Heaton Surr. (4th ed.) 1338. The new procedure was made subject to the condition that the property had not been " aliened or incumbered " by the heirs at law or devisees. Section 2 of that chapter was not embodied in the section of the Surrogate's Court Act, but provided: " This act shall take effect immediately and shall apply to and govern any proceed'ng now pending *or hereafter commenced* under article 3 of title 4 of chapter 18, Code of Civil Procedure." The latter article is now article 13 of the Surrogate's Court Act, and fixes the procedure for the disposition of real property. Relief in the pending proceeding was, therefore, expressly authorized by the legislature. The rule that the law in effect at the time the letters of administration were issued governs does not apply here. It was made to prevent the loss of accrued rights by a subsequent amendment which might reduce the statutory time in which the proceeding could be begun. *Rischel* v. *Gerken*, 196 App. Div. 393. The amendment under consideration here *extended* the time in which the executor or administrator might petition for the relief. The exception that the real property should not be ordered sold because of the pending partition action is likewise overruled. *Ryan* v. *Benjamin*, 128 App. Div. 51. This question appears, however, to be relatively unimportant. The decree of the Surrogate's Court subjects the proceeds, whether sold under the direction of this court or in the partition action in the Supreme Court, to the payment of debts. Civ. Prac. Act, § 1048; *Matter of Dusenbury*, 34 Misc. Rep. 666. The exception that the referee should have awarded interest on the claim of the estate of Rose M. Collins is also overruled. This claim was allowed by the administrator as presented, without interest. The demand for interest seems to have been an afterthought and was first raised in the exceptions filed to the referee's report. No objections to the account for the failure of the administrator to allow interest were filed. *Matter of Warrin*, 56 App. Div. 414. The referee's report is confirmed, and the application for a sale of the real property of the deceased for the payment of debts and administration expenses is granted. Submit decree on notice accordingly.

Decreed accordingly.