In the Matter of the Estate of ABIGAIL CUNNIFF, Deceased.

Surrogate's Court, Albany County, September 19, 1935.

*Carter & Conboy*, for the petitioner.

*Fellows & McElwain*, for the administrator.

ROGAN, S. Abigail Cunniff died intestate a resident of Albany county on the 12th day of April, 1933. On the 18th day of May, 1933, letters of administration were issued to Herbert C. Cunniff. On January 16, 1935, a proceeding was commenced in this court for the judicial settlement of the accounts of the administrator, and said proceeding is still pending.

Thirza Cunniff, the petitioner herein, has a claim which was allowed by this court in the sum of $1,100 and which claim remains unsatisfied. The accounts of the administrator show that there is a net balance of $355.56.

At the time of her death the decedent was the owner of certain real estate situate in the city of Cohoes, N. Y., and within eighteen months of her death James E. Cunniff, one of the next of kin, commenced an action in the Supreme Court for the partition and sale of said real property and said real property was duly sold under a judgment and order of the court in said action, which sale was duly confirmed, and the net proceeds thereof, amounting to the sum of $2,954.91, was deposited with the county treasurer of Albany county to the credit of the partition action to await the further order of the court.

This proceeding was instituted by the petitioner for an order to show cause why a proceeding should not be commenced by Herbert C. Cunniff, as administrator of the estate of decedent, under article 13 (§§ 232–250-a) of the Surrogate's Court Act, for the sale of the real estate of the decedent for the purpose of paying the decedent's debts, and that said debts be declared a lien against the money now on deposit in the county treasurer's office, which said money represents the real estate owned by the decedent at the time of her death.

The administrator of the estate filed an answer in which he alleges that more than eighteen months have elapsed between the date when letters were issued and the date when application was made

for the sale of decedent's realty, and that the application cannot be entertained. In this contention I believe that the administrator is in error.

Article 13 of the Surrogate's Court Act governs proceedings for the sale of real estate in the Surrogate's Court. Sections 233, 234 and 236 of said article are applicable to this proceeding. Subdivision 1 of section 234 provides for the sale of real property for the payment of the debts of decedent. Section 233 forbids a sale of real estate for the purpose of satisfying any claim, debt or demand, unless the proceeding is commenced within eighteen months from the date when letters first issue, or unless the relief is asked for during the pendency of a proceeding for judicial settlement of the accounts of an executor or administrator, and in the latter case only in the event the real estate has not been aliened or incumbered prior to the institution of the proceeding. Section 236 specifies the procedure to be followed by an executor or administrator seeking such an order, and provides that the proceeding may be brought at any time after his appointment and qualification, excepting as the time for making such application be limited by the provisions of section 233. An examination of section 233 as to time limitations, so far as they apply to an executor or administrator, would indicate that in order to sell for the purpose of paying a claim, debt or demand, a proceeding shall be brought either within eighteen months from his appointment or, if that period has expired, during a proceeding for the judicial settlement of his accounts. (*Matter of Kelly*, 144 Misc. 330.)

Prior to the adoption of the Civil Practice Act in 1920 and the revisions made to section 233 of the Surrogate's Court Act in 1921, it was provided that a sale, lease or mortgage of a decedent's real estate for the payment of debts must be commenced within eighteen months from the date when letters first issued. But when the Legislature added the provision that the proceeding for the sale of a decedent's realty may be commenced either within eighteen months following the issuance of letters, or during the pendency of a proceeding for the judicial settlement of the accounts of the administrator, it (the Legislature) clearly expressed its intention that there is no time limitation within which such a proceeding may be had provided application is made while a proceeding for the judicial settlement of an administrator's or executor's accounts is pending, and provided further that the property has not been aliened or incumbered by the devisees or distributees.

That there seems to be no time limitation fixed in section 233 within which an executor or administrator shall institute a proceeding for the sale of real property for the purpose of paying the debts

of a deceased during the pendency of a proceeding for the judicial settlement of his accounts, see *Matter of Collins* (122 Misc. 265), wherein Surrogate FOLEY said: " The effect of chapter 479 of the Laws of 1920 (amending section 2702 of the Code of Civil Procedure, now section 233 of the Surrogate's Court Act) was to authorize an executor or administrator to petition for the sale of real property for the payment of debts and administration expenses in an accounting proceeding, *whenever had.* * * * The new procedure was made subject to the condition that the property had not been ' aliened or incumbered ' by the heirs at law or devisees * * *. Relief in the pending proceeding was, therefore, expressly authorized by the Legislature."

In Heaton's fifth edition on Surrogates' Courts, commenting on the provisions of section 233 of the Surrogate's Court Act, in volume 3, at pages 217 and 218, it is said: " A further amendment was made in 1920 giving the right to have such mortgage, lease or sale on the judicial settlement at any time that might occur, provided the property had not been incumbered or sold. This in effect removes all time limitations for the lien while the property remains unincumbered in the hands of the heirs-at-law or devisees."

In the case at bar the administrator has refused and is unwilling to commence a proceeding for the purposes set forth above. As this application was made during the pendency of the proceeding by the administrator for the judicial settlement of his accounts, by a verified petition of a creditor, and is authorized under section 236 of the Surrogate's Court Act, and as the petitioner recites all of the jurisdictional facts necessary to justify an order directing the sale of decedent's realty for the payment of her debts, it follows that the application is properly made by the petitioner.

In Wait's Law and Practice, volume 7, page 719, the rule is stated as follows: " If the executor or administrator himself fails to ask for a sale of the real property, any party to the proceeding may do so. Formerly, it would seem this could be done by answer. Now such person may petition. Also, a creditor may come in, in the original accounting proceeding, and file a petition setting forth the essential facts and praying for the sale of the premises."

The fact that the real property and premises have already been sold in a partition action within eighteen months following the death of decedent does not affect the right of the petitioner herein for a sale under article 13 of the Surrogate's Court Act. (*Lichtenberg* v. *Lichtenberg*, 156 App. Div. 532; *Matter of Dusenbury*, 34 Misc. 666; *Matter of Murphy*, 197 App. Div. 139.) These cases hold in substance that when real property owned by a decedent is sold in a partition action within eighteen months following the decedent's

death and the proceeds of sale deposited and there are outstanding unpaid obligations of the decedent and the personal property assets of the estate are insufficient to pay these obligations, then the fund so deposited is regarded as realty and creditors may petition the Surrogate's Court for a sale of the decedent's realty for the purpose of paying his debts, and in such proceeding the amount of the debts are determined which said debts are a lien against the fund deposited in the partition action. In Wait's Law and Practice, volume 7, page 691, the rule is stated as follows: " Funds deposited in court being the proceeds of the sale in a partition action of real property owned by the decedent at the time of his death are applicable to the payment of his creditors, and a proceeding under these provisions of the Surrogate's Court Act is an appropriate method to determine who are such creditors, and how much is due to each of them respectively, the decree in such a proceeding operating not on the real estate itself, but upon the fund, which represents it."

It follows, therefore, that an order may be made directing that the real property of the decedent be sold for the purpose of the payment of her creditors.

Proceed accordingly.