In the Matter of the Application of Robert Townsend, as Administrator of the Estate of Maria F. Townsend, Deceased, Appellant, for Authority to Sell Real Property.

In the Matter of the Petition of Ernest K. Hutchinson, Respondent, to Be Relieved of His Purchase.

Decedent's estate — proceedings to sell decedent's real estate for the payment of his debts — judgment creditors of an heir or devisee of decedent necessary parties thereto.

Under the provisions of the Code of Civil Procedure (§§ 2752–2756), regulating the sale of a decedent's real estate for the payment of his debts, judgment creditors of an heir or devisee of such decedent have a substantial interest to protect in the proceeding, and must be made parties thereto.

*Matter of Townsend*, 144 App. Div. 912, affirmed.

(Argued November 21, 1911; decided December 22, 1911.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 21, 1911, which affirmed a decree of the Nassau

County Surrogate's Court relieving the respondent herein of his purchase of real property.

The facts, so far as material, are stated in the opinion.

*Calvin D. Van Name* for appellant. It was not necessary to name the judgment creditors of the heirs in the petition, or to serve them with citations on the application of the administrator to sell for the payment of debts of the decedent. (Code Civ. Pro. § 2752.) The petition to the surrogate for authority to sell for the payment of debts of decedent contained facts sufficient to confer jurisdiction upon the Surrogate's Court to make the decree, so far as the judgment creditors of the heirs were concerned. (*Matter of Ibert*, 48 App. Div. 510; *Richmond* v. *F. Nat. Bank*, 86 App. Div. 158; *Matter of Dolan*, 88 N. Y. 309.)

*A. G. De Riesthal* for respondent. The grantees and the judgment creditors of the heirs of the decedent should have been mentioned in the petition for the sale of decedent's real estate to pay debts, and should have been cited in order to give the Surrogate's Court jurisdiction. (Code Civ. Pro. § 2752; *Raynor* v. *Gordon*, 23 Hun, 264.) The statements required to be set forth in the petition are jurisdictional and an omission to set them forth does not give the court jurisdiction and invalidates the whole proceedings and the sale. (*Kammerer* v. *Ziegler*, 1 Dem. 177; *Matter of John*, 21 Civ. Pro. Rep. 326; *Jenkins* v. *Young*, 35 Hun, 569; *Matter of Slater*, 17 Misc. Rep. 474; *Dennis* v. *Jones*, 1 Dem. 80; *Mead* v. *Sherwood*, 4 Redf. 352; *Ackley* v. *Dygert*, 33 Barb. 176; *Kelly's Estate*, 1 Abb. [N. C.] 102; *Stillwell* v. *Swarthout*, 81 N. Y. 109.)

CULLEN, Ch. J. This was a proceeding for the sale of the real estate of a decedent for the payment of her debts, and the appeal is from the affirmance of an order of the surrogate which relieved the purchaser, upon a sale made

under a decree in the proceeding, from his purchase on the ground that the proceedings were so irregular that the title acquired by the purchaser would be doubtful. We think the proceedings were so irregular that the respondent was properly granted the relief he asked. Without referring to other objections, we are of opinion that the proceeding was defective for failing to make parties to it the judgment creditors of the heirs at law of the deceased. Doubtless, as claimed by the learned counsel for the appellant and as held by this court in *Matter of Dolan* (88 N. Y. 309), it is necessary in a proceeding of this character only to comply with the requirements of the statute and make such persons parties thereto as the statute prescribes. When the *Dolan* case arose the proceeding was governed by the provisions of the Revised Statutes (2 R. S. ch. 6, title 4, §§ 5 and 6) which required service of the notice of the application upon the widow, heirs and devisees of the deceased. It was held that service on no other person was requisite. The present case, however, is governed by the Code of Civil Procedure, sections 2752 to 2756. These sections require that the citation shall be issued to "husband or wife, and of all the heirs and devisees of the decedent, and also every other person claiming under them, or either of them." The question before us is whether judgment creditors of an heir or devisee should be deemed as persons claiming under him within the meaning of the statute. We think they should. Though the lien of a judgment creditor on the real estate of his debtor is general and not specific, he has a substantial interest to protect in the proceeding. The effect of granting the application is to destroy his lien on the real estate. In *Brainard* v. *Cooper* (10 N. Y. 356) it was held that a judgment creditor having a lien had a subsisting interest under the mortgagor such as entitled him to redeem from a defective mortgage sale. In *Raynor* v. *Gordon* (23 Hun, 264) it was held that a judgment creditor of a devisee was a person claiming under

him and entitled under the language of another section of the Revised Statutes (2 R. S. 101, § 10) to intervene and set up the Statute of Limitations in bar of the application, though at that time, as already said, it was not necessary to make him a party to the proceeding. That decision has never been overruled or questioned. Now that the statute has been changed, the same construction should be given to the term "persons claiming under them or either of them," as was given to it in the case cited. In actions to foreclose mortgages or for the sale of property in partition judgment creditors are necessary parties. The same rule should apply in proceedings of this kind if the language of the statute permits it. In our judgment it not only permits the rule, but requires its adoption.

The order appealed from should be affirmed, with costs.

HAIGHT, WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Order affirmed.