In the Matter of the Estate of NELLIE SYRCHER, Otherwise Known as NELLIE KESSLER, Deceased.

Surrogate's Court, Erie County, August 25, 1937.

*Charles W. Strong*, for the petitioner, S. Frank Bacheldor.

*J. Francis Harter*, for Albert B. Syrcher, as executor, etc.

HART, S. The petitioner, S. Frank Bacheldor, seeks to vacate and set aside the order of sale and order of confirmation granted in this matter.

He recovered a judgment against Albert Syrcher, entered in Erie county clerk's office on the 8th day of May, 1930, for the sum of $3,620.35, no part of which has been paid.

Following the recovery of such judgment, and on the 22d day of February, 1933, Nellie Syrcher, who was the mother of the judgment debtor, Albert Syrcher, or Albert B. Syrcher, died, leaving a last will and testament, by which she made a bequest of $500 to one son, E. Victor Syrcher, and devised and bequeathed all the rest of her property to Albert B. Syrcher, and appointed him executor of her last will and testament.

The decedent owned and was possessed of certain personal property, and of the real estate, consisting of a house and lot known as No. 58 University avenue in the city of Buffalo, which is more specifically described in the petition.

The will was duly probated in this court, and letters testamentary were issued to Albert B. Syrcher. Thereafter Albert B. Syrcher presented to this court his petition seeking an order directing the sale of the decedent's real property.

As will be seen from the foregoing, the judgment against Albert B. Syrcher was then a lien upon the interest which he inherited, or which was devised to him under said will. No notice of the application for said order of sale was given to the petitioner in any manner whatsoever. An order was made on the 29th day of June, 1933, directing the sale be had on the 18th day of July, 1933.

The property was sold to one Julius Kessler for the sum of $2,000, subject to a $1,500 mortgage then a lien on the property, and to some interest and alleged unpaid taxes. I understand that a mortgage subsequent to the sale was given to the Buffalo Savings Bank.

The petitioner points out that Julius Kessler, the husband of the deceased, did not at any time make or file a notice of election to take in contravention of the will. I fail to see where this has at this time, as a matter of law, any connection with the claim of the judgment creditor, nor do I think, as to this judgment creditor, the failure to file a bond, as a matter of law, warrants the relief the petitioner seeks.

This parcel of property has passed into the hands of the purchaser for value and a mortgage has been given. Neither the purchaser nor the mortgagee has been made a party to this proceeding and I do not believe this court has any jurisdiction over them. But they by all means are interested parties in any action or proceeding brought in connection with an attack on the title, or in an endeavor to enforce the claim of the judgment creditor, else they might be deprived of their property without due process of law.

The proceeding to sell the real estate was contrary to section 233 of the Surrogate's Court Act and should never have been instituted, for there is a valid power of sale in the will which could have accomplished disposition of the real property. Inasmuch as the executor executed and delivered the deed pursuant to a court order, it might well be argued that he only did what he had authority to do without a court order, and a proper tribunal might sustain the title to the purchaser on that basis in the absence of any other complication.

I feel, therefore, that the question raised by the judgment creditor is one of remedy. If his lien of judgment is good, it is still fastened on the parcel of real property despite this invalid proceeding to sell it and his rights were not disturbed by the proceeding. The remedy, however, is not within the province of this court and particularly when it has no jurisdiction over the purchaser at this time, or over the mortgagee.

I, therefore, deny the petitioner's application to vacate and set aside the order of sale and order of confirmation.

In denying this application, however, I wish to state that I believe that a judgment creditor of a devisee or an heir should be made a party to a proceeding to sell real property pursuant to article 13 of the Surrogate's Court Act.

Section 236 of the Surrogate's Court Act provides, among other things, that a citation shall issue to all persons interested.

In *Matter of Townsend* (203 N. Y. 522) it was held that a judgment creditor of an heir at law of a deceased was a party under a proceeding brought under sections 2752 to 2756 of the Code of Civil Procedure. These sections required that " the citation shall issue to husband or wife and to all the heirs and devisees of the decedent, and also every other person claiming under them or either of them."

The following words of the opinion in *Matter of Townsend* might well apply to matters arising under the section of the Surrogate's Court Act now governing such sales: " Though the lien of a judgment creditor for the real estate of this debtor is general and not specific, he had a substantial interest to protect in the proceeding. The effect of granting the application is to destroy his lien on the real estate."

A judgment creditor of an heir at law or devisee, in my opinion, comes within the meaning of the words, " all persons interested."

Submit order.