John D. Bennett, S.
In this accounting proceeding, a proposed decree has been submitted containing a decretal paragraph providing that a portion of the distributive share to which Joseph G. McClure is entitled as a son of the decedent be paid to his judgment creditor, “based on the judgment obtained by 'him against the aforesaid distributee.”
While it has been held that a judgment creditor of a distributee or devisee should be given notice of a proceeding to sell the real property of the decedent (Matter of Townsend, 203 N. Y. 522), it does not necessarily follow that the decree must provide for the satisfaction of the judgment out of the distributee-debtor’s share. In Sayles v. Best (140 N. Y. 368), the court held that the fiduciary who had prior notice of an outstanding indebtedness of a legatee had no active duty to the judgment creditor except *112 the proper administration of the estate and that there was no authority permitting payment of such indebtedness from estate funds. (See, also, Matter of Maynard, 37 Mise 2d 184; Matter of Stevenson, 147 N. Y. S. 2d 477, 479.) Accordingly, the decree should provide for payment directly to the distributee, Joseph 0. McClure.