John D. Bennett, S.
, This is an application by a judgment creditor for permission to issue execution against the estate on a judgment recovered in the Supreme Court, Suffolk County, against one Robert Chalaire, who is a legatee under his father’s will probated in this court.
The application here is directed against the executors of the father’s estate, who show that they have segregated and placed in a separate account the full amount of the legacy ($10,000) because the Supreme Court, Nassau County, on September 5, 1972, per Mr. Justice Berman, ordered, adjudged and decreed that the respondent executors be, and were directed to pay said sum to this petitioner pursuant to CPLR 5225 and 5227.
The, Supreme Court judgment also directs this petitioner to make such other and further application to the Surrogate of Nassau County “ as may be necessary ” to obtain execution.
Although a notice of appearance has been filed by a firm of attorneys on behalf of the respondent executors, there is no proof of service of this application upon the executors, and no authorization has been filed for such attorneys to appear. The application on its face is also directed to Robert Chalaire, the judgment debtor, and no notice of this application has been served upon *497 him. Although there is a question as to the jurisdiction of this court at this time, the court sees no necessity for entertaining this application for reasons which hereinafter appear.
The Supreme Court judgment was obtained in a proceeding under CPLR 5227 and on notice to the judgment debtor, who appeared therein by counsel and opposed it upon the ground that his interest in this estate was exempt from execution under the judgment (see CPLR 5201, subd. [a]). Incidentally, CPLR 5201 (subd. [c], par. 2) provides that “where property consists of a right or interest to or in a decedent’s estate * * * held or controlled by a fiduciary, the executor * * * shall he the garnishee. ’ ’ (emphasis supplied).
The remarks of Professor David D. Siegel in his 1969 Supplementary Practice Commentary to SCPA 605 (McKinney’s Cons. Laws of K Y., Book 58A, SCPA, Cum. Ann. Pocket Part, 1969-1970, p. 28) treat directly with the situation here involved, citing the decision of this court in Matter of McClure (59 Misc 2d 111). Under the circumstances here, the court holds that there is no necessity for the judgment creditor to apply to this court for leave to issue execution against the estate, for the reason that the subject matter of this application does not arise out of a debt or judgment against the estate itself which might, of course, involve priorities among creditors of the estate. The legacy in this case is due and payable to the legatee and the executors have shown that they have already set aside the sum necessary to pay the same as they were specifically directed by the Supreme Court. If any priorities were or are involved, they would concern creditors not of the estate but of the legatee. These presumably have already been considered by the Supreme Court. In any event this court has no personal jurisdiction or control over the legatee or his creditors. Nonetheless, this court will not speculate upon any ramifications as to priorities or otherwise and will make no direction in the premises other than to note, as stated by Professor Siegel (supra) that “ a fiduciary so positioned as a garnishee runs the risk of a personal liability for disobedience of such a mandate ” of the Supreme Court.
The application will not be entertained.