George E. Severson, S.
In this- accounting proceeding objectants seek to prove claims for services rendered to the decedent. At the trial held before the court, without a jury, claimant, B. Patricia Wooton, offered her testimony as to the transactions between her and the decedent. Such testimony was properly objected to and excluded. Two neighbors testified only that the claimants resided with -the decedent over a *674 period of years and that the decedent was very appreciative of this-. Such proof is insufficient to support her claim. Her claim and objections to the account are .accordingly dismissed.
Claimant, William J. Wooton, did not take the -stand to testify on behalf of his own. claim or that of -his wife. The only testimony offered which could be considered on his claim was that of the neighbors as referred to above. Having failed in his proof the claim of William J. Wooton and the objections filed ¡on his ,behalf to the account are dismissed. Objectant, William J. Wooton, also claims that the payment of the sum of $3,291.45 on judgments against him personally from estate funds ,by the ¡executor was improper as the judgments were not liens against the estate or liens against any property sold in the estate.
There is case law in New York State to the effect that a decree on a final account should "provide for payment to the distributee, not to a judgment creditor ¡of ,a distributee because the representative has no active duty to a judgment creditor (Matter of McClure, 59 Misc 2d 111). -From the testimony in -this case and the evidence -submitted, it appears that the executor received restraining notices pursuant to CPLE .5222 with respect to the judgments allegedly paid by the executor directly to the judgment creditors in the above ,stated amount.
The executor was properly served with the restraining notices (Matter of Chalaire, 71 Misc 2d 496). It,would appear that the executor violated the terms of the restraining notice which provided according to the statute “ Such a person is forbidden to make or suffer any s-ale, assignment or transfer of, or any interference with, -any such property, ,or pay over or otherwise dispose of any -such debt, to any person other than the sheriff, except upon direction of the sheriff ¡or pursuant to an -order of the court, until the expiration of one year after the notice is -served upon ¡him, or until the judgment is satisfied or vacated, whichever event first occurs.” (CPLE 5222.) The executor paid the judgments directly to the judgment creditor. However, it is to be noted that the judgments were by default and -of record for a -considerable length of time (more than one year) and apparently no motion was ever made for relief against the judgments by the judgment debtor. Neither does it appear that the judgment debtor made any application under article 52 in connection with the restraining notice. To ¡have his judgments paid and to be successful in a .-surcharge against the executor would under the circumstances result in double benefits to the claimant. While it is *675 true that the executor apparently violated the letter of the law regarding payment of the sums in question, no damage to claimant has been proved to justify a surcharge. Indeed, article 52 gives the judgment debtor, the claimant herein, a remedy for violation of or disobedience .of a restraining notice and if he has suffered such damage, he should pursue his remedy in the court where the judgments were rendered and the restraining notice issued. Accordingly, the claim of William J. Woo ton regarding the unlawful payment of judgments against him from the estate is dismissed.